**STATE of Maine**

v.

**Larry J. MICHAUD.**

Supreme Judicial Court of Maine.

Aug. 14, 1968.

Foahd J. Saliem, County Attorney, Augusta, for appellant.

Daniel E. Wathen, Augusta, for appellee.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

DUFRESNE, Justice.

The question of the admissibility of the results of a breathalyzer test given to the defendant in a case involving the charge of operating a motor vehicle while under the influence of intoxicating liquor is here on report purportedly under Rule 37A(b) of the Maine Rules of Criminal Procedure. Testimony of police officers received in the defendant's abortive trial concerning the actual operation of the testing machine, together with certain physical evidence such as the breathalyzer machine itself, the operating manual issued therewith, a sample package of ampules and sample equilibrator

used to check its accuracy were made part of the report.

This report was not intended to nor does it qualify under the "one alternative" rule, 37A(a) M.R.Crim.P., but seeks justification under 37A(b) which reads as follows:

"Appeal of Interlocutory Rulings. If the court is of the opinion that a question of law involved in an interlocutory order or ruling made by it in any action ought to be determined by the Law Court before any further proceedings are taken therein, it may, on motion of an aggrieved defendant, report the case to the Law Court for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties without making any decision therein."

■ The rule on appeal of interlocutory rulings or orders does not encompass the review by the Law Court of rulings made at nisi prius during the course of jury trials upon the admissibility of evidence. Rule 37A(b) was designed primarily to permit Law Court review pre-trial of interlocutory rulings or orders made upon such questions as presented under Rule 41, M.R. Crim.P., to test the suppressibility at trial of evidence obtained by the officers through search and seizure, see State v. Brochu, 1967, Me., 237 A.2d 418; or such as may preliminarily try the legal sufficiency of a criminal complaint or indictment under 12 M.R.Crim.P., see Maine Practice, Glassman, Commentary § 12.5. The rule thus continues the previous practice of reviewability before final judgment of defenses or objections to criminal complaints or indictments that were formerly raised by demurrers, but only upon motion of the aggrieved defendant and permission of the court. Any decision of the Law Court upon review of such interlocutory rulings has binding effect upon the later trial of the cause.

In the instant case, the motion to report the reference question was made in the course of the defendant's trial before the jury, when objections were raised to the admissibility of the results of the breathalyzer test. The presiding Justice excused the jury from further consideration of the case and thus brought about a mistrial.

■ Our narrow construction of Rule 37A(b) is justified by the following considerations. Mistrials should not be granted except upon urgent, manifest or imperious necessity in the furtherance of justice. State v. Sanborn, 1961, 157 Me. 424, 173 A. 2d 854. Defendant's mere consent should not be the measuring rod for the exercise of the court's discretion in granting a mistrial. Such novel procedure, if acquiesced in, would be most likely subversive to the smooth and prompt disposition of criminal trials and impair the efficient administration of justice in our courts. What if the same course were used in the midst of a murder trial to test the admissibility of a confession?

Furthermore, the factual existence of a mistrial means that on a re-trial the cause is before the court de novo. The interlocutory ruling so-called of the presiding judge admitting the results of the breathalyzer test thereafter loses its judicial standing as such, the testimony of the officers ceases to be part of a live case, and the defendant is in no way further aggrieved by the ruling.

■ Our Court has stated in Bernat v. Handy Boat Service, Inc., 1968, Me., 239 A.2d 651, that the granting of a mistrial automatically produces a new trial, and that a case is not ripe for appellate review at that stage. Any decision of the Law Court on the reported question would be a purely advisory opinion in the future conduct of criminal trials where the breathalyzer test was involved. It would conclude neither the State nor the defendant on re-trial of the instant case. Our decision would be wholly immaterial if upon the new trial the State elected to proceed without the introduction of the breathalyzer test results. We are precluded by the Maine constitution from such action. In re Richards, 1966, Me., 223 A.2d 827.

The merits of the reference question better await reviewability through regular appellate procedure. The report is discharged. The case is dismissed from the law docket.

So ordered.