C. Clayton LAVERDIERE et al.

v.

Harold MARDEN et al.

Supreme Judicial Court of Maine.

March 14, 1975.

Marden, Dubord, Bernier & Chandler by Stephen F. Dubord, William P. Dubord, Bruce W. Chandler, Waterville, for plaintiffs.

Joseph B. Campbell, Augusta, Linnell, Choate & Webber by John R. Linnell, Auburn, Wathen & Wathen by Malcolm L. Lyons, Augusta, for defendants.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

DELAHANTY, Justice.

The Superior Court (Kennebec County) denied certain defendants' motions to dismiss plaintiffs' complaint. On motion of the defendants as aggrieved parties, the Superior Court then granted a certificate stating that the question of law involved in the interlocutory rulings ought to be determined by the Law Court. The matter is before us on report under Me.R.Civ.P. 72(c). Expressing no opinion on the merits of the questions presented, we discharge the report and remand the case to the Superior Court for further proceedings.

We are aware that interlocutory appeals under Rule 72(c) can serve the cause of justice by mitigating the harshness of the final judgment rule and by sparing the parties arduous trial litigation when important questions of law can be determined by the Law Court. Instances of appropriate interlocutory review under Rule 72(c) are detailed in Field, McKusick & Wroth, Maine Civil Practice § 72.6 (2d ed. 1970). Without entering upon extended discussion of these cases, we note that issues of substance, such as the standing of the parties, the construction of a statute, or the role of summary judgment, are frequently the subject of interlocutory appeals reported under Rule 72(c).

But the questions of law reported to us herein are neither substantial, novel, nor of controlling importance. A motion to dismiss is primarily addressed to the discretion of the trial court. Here, the trial court was called upon to determine under Me.R.Civ.P. 12(b)(6) whether plaintiffs' complaint had failed to state a claim on which relief could be granted. If the complaint was inadequate or exiguous as to relevant details, the court could order it amended. If the complaint was wholly deficient in law to charge the defendants with liability on any set of facts asserted, then the complaint should be dismissed. The mere presence of Rule 72(c) as a device for interlocutory appeal of important or doubtful questions does not relieve the Superior Court of its responsibility to decide numerous difficult questions that are properly confided to its judgment and addressed to its discretion.

A report of an interlocutory appeal may be discharged without affording it full or necessary consideration on its merits. See State v. Michaud, Me., 244 A.2d 801, 802–03 (1968). Rule 72(c) provides only for the report of an interlocutory order or ruling to the Law Court; the Rule does not purport to govern the discretion of the Law Court in receiving or considering the report. The power to discharge a report inheres not only in our right and interest to control our own docket, but in our general powers of superintendence and supervision over inferior tribunals. See 4 M.R. S.A. §§ 7, 8.

The discharge of the instant report effectively preserves the interlocutory ruling

of the Superior Court denying defendants' motions to dismiss. We do not mean thereby substantially to render a stamp of approval. The Superior Court expressed its awareness that the relevant law was in flux. On remand, it may be appropriate that the matter be examined in the light of McNally v. Nicholson Manufacturing Company, Me., 313 A.2d 913 (1973). See also E. I. du Pont de Nemours and Company v. McCain, 414 F.2d 369 (5th Cir. 1969); Hill v. Wilmington Chemical Corporation, 279 Minn. 336, 156 N.W.2d 898 (1968). Neither should our discharge of the report be construed as precluding additional amendments by plaintiffs to enhance the specificity of their complaints. In these remarks, we do not mean to mandate or to interfere, only to guide and suggest. We wish to place no adventitious obstacles in the path of the expedient conduct of our judicial proceedings.

The entry must be:

Report discharged.

Remanded to the Superior Court for further proceedings.

All Justices concurring.