**Lenwood E. GILES**

v.

**MAINE FIDELITY LIFE INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

June 13, 1979.

Richard W. Elliott, Boothbay Harbor (orally), for plaintiff.

Jensen, Baird, Gardner & Henry by W. John Amerling (orally), David P. Ray, George F. Burns, Portland, for Maine Fidelity Life Ins. Co.

R. James Davidson, Waldoboro, for Augusta Tank & Culvert Co.

Before McKUSICK, C. J., and WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

GODFREY, Justice.

On September 6, 1972, appellant Lenwood Giles purchased by installment contract a new Chevrolet truck for use in his construction business. In connection with the purchase, he obtained an accident and health disability insurance policy from appellee Maine Fidelity Life Insurance Company. Over a year later, appellant submitted claims for disability benefits, to cover the amount of installment payments on the truck, alleging that he had become totally disabled within the meaning of the policy. Appellee denied liability and refused to pay benefits, and the truck was repossessed. In September, 1974, appellant filed a complaint against appellee and others, seeking from appellee compensatory damages in the amount of $100,000. Appellee and other defendants answered and counterclaimed.

Early in 1975, appellant moved to amend his complaint to include a demand for punitive damages against appellee. The justice of the Superior Court denied the motion on the ground that punitive damages could not be recovered because the complaint, even if amended as proposed, "alleges a contractual cause of action and does not set forth a complaint in tort or one sounding in tort."

Over three years later, on March 30, 1978, shortly before the scheduled date for the start of a jury trial, plaintiff moved pursuant to Rule 72(c), M.R.Civ.P., for report to the Law Court of that interlocutory ruling. Before the Superior Court acted upon that motion, the parties entered into a settlement agreement, docketed on June 1, 1978, by which there were dismissed with prejudice and without costs "all claims of Plaintiff against all Defendants on Count I of his amended complaint for direct, incidental and consequential damages and for other relief except for such claims for punitive damages as Plaintiff may have against Maine Fidelity Life Insurance Company under his proposed amendment to his complaint which such amendment was denied by the Court on March 31, 1975." Later, on June 5, 1978, the Superior Court justice reported the action to the Law Court. We discharge the report.

■ Despite plaintiff's earlier motion for report under Rule 72(c) M.R.Civ.P., and despite the fact that the Superior Court had rendered an interlocutory ruling on the question sought to be reported, the Superior Court justice, acting on a stipulation by the parties, apparently reported this action to the Law Court under subdivision (a) of Rule 72. The Superior Court justice did not make any of the findings or enter the stay provided for in subdivision (c) of the rule. Rather, his order declared that "this action involves a question of law of sufficient doubt as to justify reporting this action to the Law Court." This declaration satisfied only part of the requirement of subdivision (a). In *State v. Placzek,* Me., 380 A.2d 1010, 1014 (1977), we construed Rule 37A(a), M.R. Crim.P., as requiring that the question of law reported be one of "both importance and doubt" to justify report. Rule 72(a), M.R.Civ.P. is virtually identical to Rule 37A(a), and we adopt the same construction. This Court retains discretion under Rule 72 whether to entertain or discharge a report. *Laverdiere v. Marden,* Me., 333 A.2d 701, 702 (1975).

■ *State v. Placzek* discussed the meaning of the word "importance" as follows:

" 'Importance' alone must mean something more than the separate requirement that a Law Court decision on the question of law would result, in at least one alternative, in a final disposition of the action. The word 'importance' leads us to consider the significance of a Law Court decision on the reported question of law, not only to the parties but also to other members of the public." 380 A.2d at 1014.

The significance of a Law Court decision on the reported question to other members of the public may be considered only when the decision is also significant to the parties. Otherwise, the report would amount to little more than a request for an advisory opinion.

■ Under the confused and unusual circumstances of this case, we are unwilling to accept the report of this action pursuant to Rule 72(a) in the absence of an explicit declaration by the reporting justice that in his opinion the question of law involved is of sufficient importance, as well as of sufficient doubt, to justify the report. In the abstract, the question of law whether punitive damages may be recovered against an insurance company for failure to pay an insurance claim may be, of course, of substantial importance, as well as doubt. In this case, however, the action of the parties in settling all other claims, including the claim for the compensatory damages with which the requested punitive damages would be associated, raises serious doubt as to the importance to these parties of this question.

The confused circumstances in which this report comes to this court also spawn other problems with our entertaining the report. Since the plaintiff has for all practical purposes stipulated the dismissal of the very complaint which he seeks to amend, is there technically anything left in which to insert by amendment a claim for punitive damages? Since the real purpose of the report is to seek review of the Superior Court's 1975 order denying plaintiff's motion to amend his complaint to add a claim for punitive damages, should not the report

have been taken under subdivision (c) of Rule 72, entitled "Report of Interlocutory Rulings," rather than under Rule 72(a)? From anything that can be determined from the record before us, the entire action before the Superior Court was terminated by the stipulation of dismissal of all claims then before the court, the plaintiff never having been permitted to plead any claim for punitive damages. Therefore, to obtain review of the Superior Court's action in rejecting his amendment, was not the plaintiff's proper remedy an appeal from what had become a "final judgment" by the docket entry of June 1, 1978? We state these questions not for the purpose of answering them, or even intimating an opinion upon them, but rather to suggest the inappropriateness of our deciding on report the basic question of law raised by plaintiff's attempted amendment.

As stated in *State v. Foley*, Me., 366 A.2d 172, 173 (1976), "the Law Court retains power to make its own independent determination whether in all the circumstances of a given case its decision 'on report' would be consistent with the Court's basic functions as an appellate tribunal." The parties have not satisfied us that this case presents an appropriate occasion for our entertaining the proceedings provided by Rule 72.

The entry is:

Report discharged.

Remanded to the Superior Court for the proceedings consistent with this opinion.

POMEROY, J., did not sit.