Barbara A. ANASTOSOPOULOS, et al.

v.

Charles PERAKIS, et al.

Supreme Judicial Court of Maine.

Argued March 14, 1994.

Decided July 12, 1994.

John A. McArdle (orally), Daniel G. Lilley Law Offices, P.A., Portland, for Christopher Anastosopoulos.

Tina Schneider (orally), Portland, for Barbara Anastosopoulos.

Jack H. Simmons (orally), Berman & Simmons, P.A., Lewiston, for Albert Pollard.

Ernest J. Babcock (orally), Friedman & Babcock, Portland, for Charles Perakis.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ., and COLLINS, A.R.J.[*]

COLLINS, Active Retired Justice.

This case comes to us on a reported question from the Superior Court (York County, *Fritzsche, J.*) pursuant to M.R.Civ.P. 72(a) & (b). Barbara Anastosopoulos and her young son Christopher have brought suit against physicians Charles Perakis and Albert Pollard for their alleged negligence in failing to test Barbara for AIDS or HIV prior to Christopher's conception. Subsequent to the filing of motions to dismiss by the defendant physicians, the court, with the agreement of the parties, reported the question of whether the plaintiffs have cognizable causes of action pursuant to 24 M.R.S.A. § 2931 (1990). Although we recognize that this case raises important questions of law, a discussion of the legal issues in the context of the posture of this case would be premature, and could result in an advisory opinion. Accordingly, we discharge the report.

The plaintiffs allege that Barbara Anastosopoulos began seeing Charles Perakis, a doctor of osteopathy, in 1982 when she was fifteen years old. Between the years of 1982 and 1987 Perakis treated Barbara, who had a known history of intravenous drug use and sexual promiscuity, for a variety of health problems, including sexually transmitted diseases. In 1985 Barbara told Perakis she was getting married and that she wanted to have a baby. After Barbara became pregnant in 1987 she was cared for by Albert Pollard, an obstetrician and gynecologist. Pollard was given Barbara's medical records, which included references to her drug use and treatment for sexually transmitted diseases. Neither physician recommended that Barbara be tested for the HIV virus.

Barbara gave birth to Christopher in February 1988. In January 1989 both Barbara and Christopher tested positive for HIV. Christopher has developed AIDS and his condition has deteriorated steadily in the past five years, requiring constant medical attention and care. Barbara, too, has developed AIDS symptoms and continues to decline in health.

Barbara and Christopher filed a complaint against Perakis and Pollard in April 1993, alleging "wrongful life," "wrongful birth," and negligent infliction of emotional distress. Both physicians filed motions to dismiss the complaint for failure to state a claim on which relief can be granted. The trial court reported the case to this Court pursuant to M.R.Civ.P. 72(a) and (b), with the agreement of the parties, on the ground that it involved "questions of sufficient importance and doubt," particularly with regard to the interpretation of 29 M.R.S.A. § 2931, the section of Maine's Health Security Act that addresses "wrongful life" and "wrongful birth" causes of action.[1]

---

[*] Justice Collins sat at oral argument and participated in the initial conference while he was a Justice, and, on order of the Chief Justice, was authorized to continue his participation in his capacity of Active Retired Justice.

1. The text of the section is as follows:

§ 2931. Wrongful birth; wrongful life

1. Intent. It is the intent of the Legislature that the birth of a normal, healthy child does not constitute a legally recognizable injury and that it is contrary to public policy to award damages for the birth or rearing of a healthy child.

2. Birth of healthy child; claim for damages prohibited. No person may maintain a claim for relief or receive an award for damages based on the claim that the birth and rearing of a healthy child resulted in damages to him. A person may maintain a claim for relief based on a failed sterilization procedure resulting in the birth of a healthy child and receive an award of damages for the hospital and medical expenses incurred for the sterili-

## I.

■ While Rule 72[2] authorizes the trial court, with the agreement of the parties, to report questions "of sufficient importance or doubt" to this Court, it is not an action to be taken lightly. Although the question of whether a mother and her child have cognizable causes of action against their physicians for failing to provide the mother with information that might have prevented the child from being born raises complex questions of statutory interpretation, the requirements of Rule 72 have not been met in this instance. For example, Rule 72(a) requires us to accept only a reported question that in at least one alternative will finally dispose of the action. *See, e.g., Taylor v. Herst*, 537 A.2d 1163, 1164 n. 1 (Me.1988). Any opinion we issue today interpreting section 2931 is unlikely to dispose of the case in any alternative. Because the sufficiency of the pleadings is the sole issue before us, whatever we say today could simply cause the plaintiffs to amend their complaint. Indeed, in reporting the question to us, the parties failed to file a joint statement of material facts, as required by Rule 72(b). This failure to agree on the material facts is illustrative of the undeveloped and disputed state of the record in this case. It would be imprudent for us to attempt a legal analysis of these important issues at this early stage in the process.

## II.

■ Although the statute of limitations is not before us in the reported question, it appears that an application of the statute could prove to be dispositive as to at least part of the instant case. Were the case to be resolved, even partially, on alternative grounds, any opinion we issue with respect to the substance of the complaint would be advisory. We have the discretion to discharge a reported question "when the purpose of Rule 72 is not served or where to adjudicate the reported questions would be inconsistent with the Court's function as an appellate tribunal." *Winchenbach v. Steak House, Inc.*, 430 A.2d 45, 47 (Me.1981).

We may have to deal with the difficult questions of interpretation posed by section 2931 at some future date, but we find in this instance that the record leaves too many unanswered factual questions to provide us with a comfortable basis for drawing legal conclusions. When we do deal with the important legal and social issues raised by "wrongful birth" and "wrongful life" causes of action and their attendant claims for damages, we must be certain that our opinion does not pose a danger of being premature or advisory.

The entry is:

Report discharged.

All concurring.

---

zation procedures and pregnancy, the pain and suffering connected with the pregnancy and the loss of earnings by the mother during the pregnancy.

　**3. Birth of unhealthy child; damages limited.** Damages for the birth of an unhealthy child born as the result of professional negligence shall be limited to damages associated with the disease, defect or handicap suffered by the child.

　**4. Other causes of action.** This section shall not preclude causes of action based on claims that, but for a wrongful act or omission, maternal death or injury would not have occurred or handicap, disease, defect or deficiency of an individual prior to birth would have been prevented, cured or ameliorated in a manner that preserved the health and life of the affected individual.

24 M.R.S.A. § 2931.

**2.** The full text of the rule is as follows:

　**(a) Report by Agreement of Important or Doubtful Questions.** The court may, where all parties appearing so agree, report any action in the Superior Court to the Law Court if it is of the opinion that any question of law is involved of sufficient importance or doubt to justify the same, provided that the decision thereof would in at least one alternative finally dispose of the action.

　**(b) Report on Agreed Facts.** The court may, upon request of parties appearing, report any action in the Superior Court to the Law Court for determination where there is agreement as to all material facts, if it is of the opinion that any question of law is involved of sufficient importance or doubt to justify the same.

M.R.Civ.P. 72(a) & (b).