STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-07-276
and CV-07-331

STEVEN F. BOYDEN

Plaintiff

v.

**DECISION AND ORDER**

RONALD N. MICHAUD,

and

THE ROMAN CATHOLIC
BISHOP OF PORTLAND,

DONALD L. GARBRECHT
LAW LIBRARY
JUN 6 ....

Defendants

------------------------------------------

WILLAIM J. PICHER,

Plaintiff

v.

REV. MSGR. J. JOSEPH FORD,
REV. JAMES M. MORRISON,
REV. MSGR. RENE T. MATHIEU
SR. RITA-MAE BISSONNETTE,
and
JOHN DOE,

Defendants

In front of the court in the *Boyden* case are two M.R. Civ. P. 12(c) motions for judgment on the pleadings brought by The Roman Catholic Bishop of Portland (the Bishop) and plaintiff's motion to strike the Bishop's second motion for judgment on the pleadings. In front of the court in the *Picher* case is defendants, Ford, Morrison, Mathieu and Bissonnette's M.R. Civ. P. 12(c) motion for judgment on the pleadings. Because the *Picher* motion for judgment on the pleadings raises identical legal issues to

the Bishop's second motion for judgment on the pleadings in *Boyden*, the court discusses them together.

Facts

      A. *Boyden v. Michaud*

Plaintiff alleges defendant Michaud molested him between 1983 and 1985 while Michaud was a priest and plaintiff was a member of Michaud's parish. Plaintiff was born December 4, 1969.

      B. *Picher v. Ford, et al.*

Plaintiff was molested by Raymond P. Melville between 1986 and 1989 while Melville was a priest at the St. Mary's School and plaintiff was a student. Plaintiff was born January 29, 1974. Plaintiff originally sued Melville and the Bishop in Ken Doc. CV-07-57. Melville was defaulted for failure to respond. The Bishop filed a motion for summary judgment in that case based on a charitable immunity defense, which was granted by the court on December 10, 2007, final judgment being entered January 24, 2008. The current action is brought against defendants who were employees of the Bishop with supervisory roles with relation to Melville.

Standard of Review:

"A defendant's motion for judgment on the pleadings is the equivalent of a defendant's motion to dismiss for failure to state a claim." *MacKerron v. MacKerron*, 571 A.2d 810, 813 (1990), citing 1 FIELD, MCKUSICK & WROTH, MAINE CIVIL PRACTICE, § 12.14 at 253 (2d ed. 1970). *See also, Burke v. Hamilton Beach Division*, Etc., 424 A.2d 145, 148 (Me. 1981). Both a motion to dismiss for failure to state a claim and a motion for judgment on the pleadings "test[] the legal sufficiency of the complaint." *MacKerron*, 571 A.2d at 813. *See also*, 1 FIELD, MCKUSICK & WROTH, § 12.11 at 248.

## Discussion

### A. Defendant, the Bishop's, first motion for judgment on the pleadings in *Boyden*

In 1985, the Maine legislature enacted 14 M.R.S.A. § 752-C, effective September 19, 1985, providing:

> Actions based upon sexual intercourse or a sexual act, as defined in Title 17-A, chapter 11, with a person under the age of majority shall be commenced within 6 years after the cause of action accrues.

In 1989, the legislature amended § 752-C, effective September 30, 1989, adding a discovery period:

> Actions based upon sexual intercourse or a sexual act, as defined in Title 17-A, chapter 11, with a person under the age of majority shall be commenced within 6 years after the cause of action accrues, or within 3 years of the time the person discovers or reasonably should have discovered the harm, whichever occurs later.

In 1991, § 752-C was again amended:

> Actions based upon sexual intercourse or a sexual act, as defined in Title 17-A, chapter 11, with a person under the age of majority shall must be commenced within 6 12 years after the cause of action accrues, or within 3 6 years of the time the person discovers or reasonably should have discovered the harm, whichever occurs later.

As to the application of these changes the amendments provided:

> Sec. 2. Application. This Act applies to the following actions based upon sexual intercourse or a sexual act with a person under the age of majority:
>
> 1. All actions based upon sexual intercourse or a sexual act occurring after the effective date of this Act; and
> 2. All actions for which the claim has not yet been barred by the previous statute of limitations in force on the effective date of this Act.

In 1993, the legislature did nothing to change the statute of limitations period, but did change "sexual intercourse, as defined in Title 17-A, *chapter 11*" to "sexual intercourse, as defined in Title 17-A, *section 556, subsection 1-B*."

Finally in 1999, effective August 11, 2000, the legislature removed the statute of limitations, such that today 14 M.R.S.A. § 752-C reads:

§ 752-C. Sexual acts towards minors

1. No limitation. Actions based upon sexual acts toward minors may be commenced at any time.
2. Sexual acts toward minors defined. As used in this section, "sexual acts toward minors" means the following acts that are committed against or engaged in with a person under the age of majority;
A. Sexual act, as defined in Title 17-A, section 251, subsection 1, paragraph C; or
B. Sexual contact, as defined in Title 17-A, section 251, subsection 1, paragraph D.
Sec. 2. Application. This Act applies to the following actions based upon a sexual act or sexual contact occurring on or after the effective date of this Act; and
1. All actions based on a sexual act or sexual contact occurring on or after the effective date of this Act; and
2. All actions for which the claim has not yet been barred by the previous statute of limitations in force on the effective date of this Act.

Also quite important to determination of whether plaintiff's claims are time barred is 14 M.R.S.A. § 853, "If a person entitled to bring any action under section[]...752-C...is a minor...when the cause of action accrues, the action may be brought within the times limited herein after the disability is removed." Plaintiff turned 18 on December 4, 1987. (Pl.'s Cmpl. ¶ 1.)

Based on the statutory scheme above, defendant's argument is that the six year limitations period in existence at the time of the abuse was tolled by § 853 until plaintiff reached the age of 18, it began to run at that point but was extended to 12 years by the 1991 amendment and thus ran 12 years after plaintiff's 18th birthday on December 4, 1999. The elimination of the statutory period did not become effective until August 11, 2000, at which point the statutory period of limitations for plaintiff's claim had elapsed. Thus, defendant argues, the elimination of a statute of limitations period was not

applicable to plaintiff's claim. This analysis is the same offered by the Federal District Court in *Guptill v. Martin*, 228 F.R.D. 62, 64-65 (D. Me. 2005).

Plaintiff argues that the statute was effectively tolled for several reasons.[1] First of which is the Servicemembers' Civil Relief Act. The Servicemembers' Civil Relief Act (SCRA), 50 U.S.C. App. § 526(a) provides:

> (a) Tolling of statutes of limitations during military service.
>
> The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in court, or in any board, bureau, commission, department, or other agency of a state (or political subdivision of a state) or the United States by or against the servicemember or the servicemember's heirs, executors, administrators or assigns.

Though it is not part of the pleadings, Boyden claims he was enlisted in the Air Force in July 1987 prior to reaching the age of 18 and thus prior to the conclusion of the § 853 tolling, and was in active duty thereafter until April 1994 when he was honorably discharged. He served during this time three tours outside of the United States, 6 months in Panama in 1988; two years in Korea in 1989 and 1990; and ten months in Saudi Arabia in 1991. "The tolling of the statute is unconditional. The only critical factor is military service; once that circumstance is shown, the period of limitations is automatically tolled for the duration of the service..." *Ricard v. Birch*, 529 F.2d 214, 216 (4th Cir. 1975).

Defendant argues, assuming December 31, 1985 as the last act of abuse in accordance with the pleadings, plaintiff had until December 31, 1991 to bring suit. However, the legislature changed the six-year statute of limitations to 12 years on October 9, 1991. Thus, according to defendant, the 1991 amendments gave plaintiff until January 1, 1998

---

[1] Other theories addressed are tolling due to fraudulent concealment, continuous tort, or Michaud being out of the country. The court does not address these because it believes that 1) the SCRA tolling will be dispositive with the caveat discussed below; and 2) these theories would also require resolution of matters outside of the pleadings.

to bring his claim (12 years and a day from last alleged action). Defendant argues the 1999 statutory amendment did not apply to plaintiff's claim because the statute of limitations had run on January 1, 1998. Thus the 1999 statute made irrelevant federal tolling because it took out any statutory limitations period.

The court does not agree with defendant's analysis. Assuming the truth of plaintiff's memorandum, the end of his service was 1994. The statute of limitations period in effect in 1994 was twelve years. Twelve years after 1994 is 2006. During this twelve year period, the statute of limitations was fully eliminated. The court sees no reason SCRA should be interpreted not to apply because of subsequent amendment to § 752-C, especially given that subsequent amendment would erode the effect of the SCRA. Plaintiff should not be denied the benefit of SCRA's tolling simply because during that tolling period the statute of limitations was eliminated.

> If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. M.R. Civ. P. 12(c).

While defendant seemed not to deny plaintiff's military service[2], and its denial would merely create an issue of material fact justifying denial of defendant's motion given the above legal analysis, the court nonetheless finds that it must provide a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." M.R. Civ. P. 12(c). The only indication that the court currently has in the record that plaintiff served in the military is plaintiff's opposition to defendant's first motion for judgment on the pleadings. An affidavit indicating likewise would establish a material fact for M.R. Civ. P. 56 purposes. The plaintiff and defendant are hereby

---

[2] As evidenced by its reply to the plaintiff's opposition to the motion for judgment on the pleadings, its response to plaintiff's motion to strike the second motion for judgment on the pleadings, its rationale for filing the second motion for judgment on the pleadings, and its conduct at a hearing on the motions.

given the opportunity to provide materials on this question. The parties will have fourteen days to do so.

## B. Plaintiff Boyden's motion to strike defendant, the Bishop's, second motion for judgment on the pleadings

Defendant filed a second motion for judgment on the pleadings. While the first dealt with § 752-C's statute of limitations assuming § 752-C's application to plaintiff's cause of action, the second deals with the question whether § 752-C applies substantively to plaintiff's cause of action. Plaintiff moved to strike this second motion for its failure to be brought in the first motion. The court sees no reason to strike defendant's second motion. No prejudice has occurred and no effect on judicial economy or efficiency is incurred, especially given the need for this court to deal with the identical argument in the *Picher* case. Accordingly plaintiff's motion to strike is denied.

## C. Defendant, the Bishop's, second motion for judgment on the pleadings in *Boyden* and defendants, Ford, Morrison, Mathieu and Bissonnette's motion for judgment on the pleadings

The legal question posed by these motions is whether § 752-C or § 752 applies to the plaintiffs' causes of action. If § 752 and not § 752-C applies, both plaintiffs' causes of action would be barred by § 752's statute of limitations.[3]

§ 752-C is applicable to "[a]ctions based upon sexual acts..." The question and the two meritorious positions on whether § 752-C is applicable to claims against parties other than the perpetrator of the sexual acts were previously brought before the Federal District Court for the District of Maine in *Allen v. Forest*, 257 F. Supp. 2d 276 (D. Me. 2003).

---

[3] "All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards..." 14 M.R.S.A. § 752.

The approach argued by the defendant in that case, as here, focused on the conduct of the perpetrator. The approach argued by the plaintiff in that case, as here, focused instead on the policy behind the elimination of the statute of limitations, to give added relief to the victims of sexual abuse. In *Allen* both parties cited a cavalcade of cases from foreign jurisdictions in support of their positions, the same exact cases cited here. *See Allen*, 257 F. Supp. at 278-280 (citing *Kelly v. Marcantonio*, 678 A.2d 873 (R.I. 1996); *Debbie Reynolds Prof'l Rehearsal Studios v. Johnson*, 25 Cal.App. 4th 222 (Cal. App. 1994; *Almonte v. New York Med. Coll.*, 851 F. Supp. 34 (D. Conn. 1994); *Werre v. David*, 913 P.2d 625 (Mont. 1996); *Lourim v. Swensen*, 977 P.2d 1157 (Or. 1999); and *C.J.C v. Corporation of the Catholic Bishop of Yakima*, 985 P.2d 262 (Wash. 1999)).[4]

The District Court found that "[t]he language of each of the state statutes construed in these cases differed form that of *section 752-C*." *Allen*, 257 F. Supp. 2d at 279. It also pointed out that "[t]he courts in *Kelly* and *C.J.C.* reached opposite results in construing essentially identical language." *Id.* Therefore "[u]nder the circumstances none of these opinions provides persuasive authority for interpretation of *section 752-C*." *Id.* Ultimately, because the District Court was "unable to predict the path of Maine law in regard to claims against non-perpetrator defendants with respect to 14 M.R.S.A. § 752-C" and certified the question whether § 752-C is "applicable to claims against parties other than the perpetrator of the sexual acts toward minors that provide the factual basis for those claims" to the Law Court. *Id.* Unfortunately for this court, *Allen* settled before the Law Court had opportunity to opine on the certified question. This court suggested to the parties, given the reasons expressed in *Allen*, reporting this

---

[4] This court notes also the existence of *Sandoval v. The Archdiocese of Denver*, 8 P.3d 598 (Colo. Ct. App. 2000) and *Delonga v. Diocese of Sioux Falls*, 329 F. Supp. 2d 1092 (D. S.D. 2004).

question to the Law Court per M.R. App. P. 24(a) might be prudent. However, not all parties appearing agreed. M.R. App. P. 24(a).

Though the question is razor thin, this court finds more compelling the rationale of cases like *C.J.C.* out of Washington, *Delonga* out of South Dakota, and *Almonte* out of Connecticut. Both Washington and South Dakota's statutes utilize the phrase "based on."[5] "Based on" means "the starting point or foundation of the claim." *C.J.C.*, 985 P.2d at 267 (citing WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 180 (1986)). In *C.J.C.* the Court held that the plain meaning of "based on" encompassed all actions arising from intentional conduct. *Delonga*, whose analysis the District Court in *Allen* did not have the benefit, provided a bridge from *Alamonte's* policy analysis to *C.J.C.'s* broad interpretation of the phrase "based on." The *Delonga* court focused on "actions flowing from a particular type of harm[,]" rather than a particular defendant. It quoted *Almonte* at length:

> In recognizing that it may take years for a victim to come to terms with the sexual abuse, the Legislature implicitly understood that it may take as much time to identify those responsible for the abuse: It is only logical that the abuse and the abuser must be identified before the chain of responsibility can be discovered. Thus were the [Connecticut sex abuse statute of limitations] limited to actions against perpetrators only, many if not most non-offender prospective defendants would, for all practical purposes, be rendered immune from suit. Such a result is both contrary to public policy and inconsistent with the Legislature's intent to broaden remedies available to victims of sexual abuse through the extended limitations period. *Delonga*, 329 F. Supp. 2d at 1103-04 (quoting *Almonte*, 851 F. Supp. at 37-38).

This court finds from the plain meaning of the phrase "based upon" and "the focus of the statute at hand, as gleaned from the language, is on actions flowing from a particular type of harm, not on the nature of the party or parties causing the harm." *Id.*

---

[5] § 752-C utilizes the phrase "based upon" rather than "based on." Upon means "on." WEBSTER'S II NEW RIVERSIDE UNIVERSITY DICTIONARY 1268 (1984). Therefore, there is no meaningful distinction between the use of "based upon" and "based on."

at 1104. As stated in *Almonte*, this is a "harm-based approach". *Almonte*, 851 F. Supp at 39.

For the reasons stated above, the court finds and concludes that the plaintiffs' claims are "based upon sexual acts towards minors"; therefore, § 752-C is applicable to those claims. The defendants' motions for judgment on the pleadings contesting the substantive application of § 752-C are dismissed.[6]

The entry is

> Plaintiff Boyden's motion to strike defendant, the Bishop's second motion for judgment on the pleadings is DENIED.
>
> Defendant, the Bishop's second motion for judgment on the pleadings is DENIED.
>
> Defendants Ford, Morrison, Mathieu and Bissonnette's motion for judgment on the pleadings is DENIED
>
> The court reserves judgment on defendant, the Bishop's first motion for judgment on the pleadings according to this decision.

May 14, 2008

Justice Joseph Jabar

---

[6] This court is also not deaf to the argument made by the defendants that § 752-C is distinguishable from the statutes of other states because it fully eliminates the statute of limitations period. Thus defendants' argue the Legislature could not have intended to render them liable for negligence in perpetuity. Defendants' argument, while raising interesting and valid policy concerns, would require a strange form of statutory interpretation. The court interprets the plain language of "based upon" broadly. The "based upon" language did not come into existence at the time the Legislature eliminated the statute of limitations period. Quite the contrary, it was in the statute in 1985 when the Legislature first enacted 14 M.R.S.A. § 752-C and the statute of limitations period was six years, stayed in tact when the Legislature amended the statute to include a three year discovery period in 1989, was unchanged when the legislature expanded the original statutory period to twelve years and the discovery period to six years in 1991, and finally was unchanged when the Legislature drastically changed the statute to create no limitations period in 1999. It would be strange for this court to interpret the meaning of language that, to this court, plainly encompassed the defendants in 1985, 1989, and 1991 to suddenly halt from doing so when it remained unchanged. Were it the intent of the Legislature to narrow the scope of "based upon" to accord with its elimination of the statute of limitations period, it would have done so. Defendants essentially ask this court to defy the plain meaning of words framed in 1985, because of an amendment occurring in 1999, without any change to those words.

STEVEN F BOYDEN  - PLAINTIFF                          SUPERIOR COURT
1077B NORTH VANWERT ROAD                              KENNEBEC, ss.
VILLA RICA GA 30180                                   Docket No  AUGSC-CV-2007-00276
Attorney for: STEVEN F BOYDEN
SUMNER LIPMAN  - RETAINED 09/19/2007
LIPMAN & KATZ & MCKEE, PA                             **DOCKET  RECORD**
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051


vs
RONALD N MICHAUD  - DEFENDANT
18 TOWNSEND STREET, APT. 5
AUGUSTA ME 04330
ROMAN CATHOLIC BISHOP OF PORTLAND - DEFENDANT
,
Attorney for: ROMAN CATHOLIC BISHOP OF PORTLAND
GERALD F PETRUCCELLI  - RETAINED
PETRUCCELLI, MARTIN & HADDOW, LLP
50 MONUMENT SQUARE
PO BOX 17555
PORTLAND ME 04112-8555


Filing Document: COMPLAINT                      Minor Case Type: ASSAULT/BATTERY
Filing Date: 09/19/2007

## Docket Events:
09/20/2007 FILING DOCUMENT - COMPLAINT FILED ON 09/19/2007

09/20/2007 Party(s):  STEVEN F BOYDEN
           ATTORNEY - RETAINED ENTERED ON 09/19/2007
           Plaintiff's Attorney: SUMNER LIPMAN

09/20/2007 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 09/20/2007
           Plaintiff's Attorney:  SUMNER LIPMAN
           MAILED TO ATTY. OF RECORD.

10/04/2007 Party(s):  ROMAN CATHOLIC BISHOP OF PORTLAND
           SUMMONS/SERVICE - ACCEPTANCE OF SERVICE FILED ON 10/01/2007
           Defendant's Attorney: GERALD F PETRUCCELLI

10/04/2007 Party(s):  ROMAN CATHOLIC BISHOP OF PORTLAND
           ATTORNEY - RETAINED ENTERED ON 10/01/2007
           Defendant's Attorney: GERALD F PETRUCCELLI

10/15/2007 Party(s):  ROMAN CATHOLIC BISHOP OF PORTLAND
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/15/2007
           Defendant's Attorney: GERALD F PETRUCCELLI
           DEFENDANT THE ROMAN CATHOLIC BISHOP OF PORTLAND'S FIRST SET OF INTERROGATORIES PROPOUNDED
           TO PLT AND  DEFENDANT THE ROMAN CATHOLIC BISHOP OF PORTLANDSFIRST REQUEST FOR PRODUCTION
           OF DOCUMENTS PROPOUNDED TO PLT SERVED ON WALTER MCKEE ON OCT.11 2007

10/15/2007 Party(s):  ROMAN CATHOLIC BISHOP OF PORTLAND
           RESPONSIVE PLEADING - ANSWER FILED ON 10/15/2007

Defendant's Attorney: GERALD F PETRUCCELLI

10/15/2007 Party(s):  ROMAN CATHOLIC BISHOP OF PORTLAND
          MOTION - MOTION JUDGMENT ON PLEADINGS FILED ON 10/15/2007
          Defendant's Attorney: GERALD F PETRUCCELLI
          WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING

11/07/2007 Party(s):  STEVEN F BOYDEN
          OTHER FILING - OPPOSING MEMORANDUM FILED ON 11/05/2007
          Plaintiff's Attorney:  SUMNER LIPMAN
          PLTF'S OBJECTIONS TO DEFT'S MOTION FOR JUDGMENT ON THE PLEADINGS

11/09/2007 Party(s):  STEVEN F BOYDEN
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/07/2007
          Plaintiff's Attorney:  WALTER MCKEE
          PLAINTIFF'S OBJECTIONS TO DEFENDANT THE ROMAN CATHOLIC BISHOP OF PORTLAND'S FIRST REQUEST
          FOR PRODUCTION OF DOCUMENTS AND PLAINTIFF'S OBJECTIONS TO DEFENDANT THE ROMAN CATHOLIC
          BHISHOP OF PORTLAND'S FIRST SET OF INTERROGATORIES SERVED ON GERALD F. PETRUCCELLI, ESQ.
          ON 11/6/07.

11/16/2007 Party(s):  RONALD N MICHAUD,ROMAN CATHOLIC BISHOP OF PORTLAND
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 11/13/2007
          Defendant's Attorney: GERALD F PETRUCCELLI
          TO REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
          WITH PROPOSED ORDER.

11/20/2007 Party(s):  RONALD N MICHAUD,ROMAN CATHOLIC BISHOP OF PORTLAND
          MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 11/16/2007
          DONALD H MARDEN , JUSTICE
          COPIES TO PARTIES/COUNSEL                                        ORDERED THAT
          DEFENDANT'S MOTION FOR EXTENSION OF TIME TO REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
          MOTION FOR JUDGMENT ON THE PLEADINGS IS GRANTED. THE DEADLINE FOR FILING A REPLY TO THE
          OPPOSITION IS HEREBY EXTENDED UNTIL WEDNESDAY NOVEMBER 28, 2007.

11/27/2007 Party(s):  STEVEN F BOYDEN
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 11/21/2007
          Plaintiff's Attorney:  WALTER MCKEE
          WITHIN WHICH TO EFFECTUATE SERVICE ON DEFENDANT MICHAUD WITH PROPOSED.

11/27/2007 Party(s):  ROMAN CATHOLIC BISHOP OF PORTLAND
          RESPONSIVE PLEADING - RESPONSE FILED ON 11/21/2007
          Defendant's Attorney: GERALD F PETRUCCELLI
          DEFENDANT THE ROMAN CATHOLIC BISHOP OF PORTLAND'S REPLY IN SUPPORT OF ITS MOTION FOR
          JUDGMENT ON THE PLEADINGS.

12/04/2007 Party(s):  ROMAN CATHOLIC BISHOP OF PORTLAND
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/28/2007
          Defendant's Attorney: GERALD F PETRUCCELLI
          RESPONSE TO PLTS REQUEST FOR PRODUCTION OF DOCUMENTS, DEF'S ANSWER TO INTERROG. SERVED ON
          WALTER MCKEE, ESQ., ON 11/27/07.

12/21/2007 Party(s):  STEVEN F BOYDEN
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 12/17/2007

Plaintiff's Attorney:  WALTER MCKEE
PLT'S RESPONSES AND OBJECTIONS TO DEF THE ROMAN CATHOLIC BISHOP OF PORTLAND'S FIRST
REQUEST OF DOCUEMTNS SERVED ON ATTY PETRUCCELLI ON 12/17/07 AND FILED 12/20/07.


01/24/2008 Party(s):  STEVEN F BOYDEN
MOTION - MOTION SERVICE BY PUBLICATION FILED WITH AFFIDAVIT ON 01/23/2008
Plaintiff's Attorney:  BENJAMIN J SMITH
PROPOSED ORDER


01/24/2008 Party(s):  STEVEN F BOYDEN
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 01/14/2008
NANCY  MILLS , JUSTICE
COPIES TO PARTIES/COUNSEL                                           PLAINTIFF HAS
UNTIL 4/14/08 TO SERVE DEFENDANT RONALD MICHAUD.


01/28/2008 Party(s):  STEVEN F BOYDEN
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/24/2008
Plaintiff's Attorney:  WALTER MCKEE
PLT'S UNSIGNED ANSWERS TO INTERROGATORIES PROPOUNDED BY THE ROMAN CATHOLIC BISHOP OF
PORTLAND SERVED ON ATT PETRUCCELLI ON 1/23/08.


02/12/2008 Party(s):  ROMAN CATHOLIC BISHOP OF PORTLAND
MOTION - MOTION JUDGMENT ON PLEADINGS FILED ON 02/08/2008
Defendant's Attorney: GERALD F PETRUCCELLI
WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING


02/25/2008 Party(s):  STEVEN F BOYDEN
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/25/2008
Plaintiff's Attorney:  WALTER MCKEE
PLT'S SIGNED ANSWERS TO INTERROGATORIES PROPOUNDED BY THE ROMAN CATHOLIC BISHOP OF
PORTLAND SERVED ON ATTY PETRUCCELLI ON 2/22/08.


02/28/2008 Party(s):  STEVEN F BOYDEN
MOTION - MOTION SERVICE BY PUBLICATION GRANTED ON 02/25/2008
JOSEPH M JABAR , JUSTICE
COPIES TO PARTIES/COUNSEL


02/28/2008 Party(s):  STEVEN F BOYDEN
OTHER FILING - OPPOSING MEMORANDUM FILED ON 02/28/2008
Plaintiff's Attorney:  KEITH R VARNER
TO DEFENDANT THE ROMAN CATHOLIC BISHOP OF PORTLAND'S SECOND MOTION FOR JUDGMENT ON THE
PLEADINGS.


02/28/2008 Party(s):  STEVEN F BOYDEN
MOTION - MOTION TO STRIKE FILED ON 02/28/2008
Plaintiff's Attorney:  KEITH R VARNER


02/29/2008 HEARING - MOTION JUDGMENT ON PLEADINGS SCHEDULED FOR 04/10/2008 @ 1:00  in Room No.  1
MOTION FOR SERVICE BY PUBLICATION                                  AMENDED ORDER
(3/5/07)


03/10/2008 Party(s):  ROMAN CATHOLIC BISHOP OF PORTLAND
OTHER FILING - OPPOSING MEMORANDUM FILED ON 03/07/2008

Defendant's Attorney: GERALD F PETRUCCELLI
TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SECOND MOTION FOR JUDGMENT ON THE PLEADINGS.

03/10/2008 Party(s): ROMAN CATHOLIC BISHOP OF PORTLAND
OTHER FILING - REPLY MEMORANDUM FILED ON 03/07/2008
Defendant's Attorney: GERALD F PETRUCCELLI
IN SUPPORT OF ITS SECOND MOTION FOR JUDGMENT ON THE PLEADINGS

03/13/2008 HEARING - MOTION JUDGMENT ON PLEADINGS NOTICE SENT ON 03/13/2008

03/13/2008 Party(s): ROMAN CATHOLIC BISHOP OF PORTLAND
MOTION - MOTION TO CONTINUE FILED ON 03/10/2008
Defendant's Attorney: GERALD F PETRUCCELLI

03/24/2008 Party(s): STEVEN F BOYDEN
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/24/2008
Plaintiff's Attorney: WALTER MCKEE
PL'S SUPPLEMENTAL OBJECTIONS AND RESPONSE TO ROMAN CATHOLIC BISHOP OF PORTLAND'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS SERVED ON ATTY PETRUCCELLI, ON 3/21/08

04/02/2008 Party(s): STEVEN F BOYDEN
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 03/31/2008
Plaintiff's Attorney: BENJAMIN J SMITH
WITHIN WHICH EFFECTUATE SERVICE BY PUBLICATION WITH PROPOSED ORDER.

04/03/2008 Party(s): STEVEN F BOYDEN
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 04/03/2008
JOSEPH M JABAR , JUSTICE
COPIES TO PARTIES/COUNSEL                                              THE TIME PERIOD
IN WHICH THE PLAINTIFFMUST SERVED DEFENDANT RONALS N. MICHAUD THROUGH PUBLICATION IS
ENLARGED BY A PERIOD OF 30 DAYS OR UNTIL MAY 14, 2008.

04/11/2008 HEARING - MOTION JUDGMENT ON PLEADINGS HELD ON 04/10/2008
JOSEPH M JABAR , JUSTICE
Defendant's Attorney: GERALD F PETRUCCELLI
Plaintiff's Attorney: KEITH R VARNER
PETER DERTROY, ESQ.

04/11/2008 Party(s): STEVEN F BOYDEN
MOTION - MOTION TO STRIKE DENIED ON 04/10/2008
JOSEPH M JABAR , JUSTICE

04/11/2008 Party(s): STEVEN F BOYDEN
MOTION - MOTION TO STRIKE MADE ORALLY ON 04/10/2008
JOSEPH M JABAR , JUSTICE

04/11/2008 Party(s): ROMAN CATHOLIC BISHOP OF PORTLAND
MOTION - MOTION JUDGMENT ON PLEADINGS UNDER ADVISEMENT ON 04/10/2008
JOSEPH M JABAR , JUSTICE

04/22/2008 Party(s): STEVEN F BOYDEN
OTHER FILING - AFFIDAVIT FILED ON 04/22/2008
Plaintiff's Attorney: KEITH R VARNER

AFFIDAVIT OF PUBLICATION

05/01/2008 Party(s): STEVEN F BOYDEN
OTHER FILING - AFFIDAVIT FILED ON 04/29/2008
Plaintiff's Attorney: KEITH R VARNER
AFFIDAVIT OF PUBLICATION

05/19/2008 Party(s): ROMAN CATHOLIC BISHOP OF PORTLAND
MOTION - MOTION JUDGMENT ON PLEADINGS DENIED ON 05/14/2008
JOSEPH M JABAR , JUSTICE
COPIES TO PARTIES/COUNSEL

05/19/2008 Party(s): ROMAN CATHOLIC BISHOP OF PORTLAND
MOTION - MOTION JUDGMENT ON PLEADINGS DENIED ON 05/14/2008
JOSEPH M JABAR , JUSTICE
COPIES TO PARTIES/COUNSEL

05/19/2008 ORDER - COURT ORDER ENTERED ON 05/14/2008
JOSEPH M JABAR , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPIES TO
PARTIES/COUNSEL

05/19/2008 ORDER - COURT ORDER COPY TO REPOSITORIES ON 05/19/2008

A TRUE COPY
ATTEST: _____
Clerk

WILLIAM J PICHER  - PLAINTIFF

Attorney for: WILLIAM J PICHER
KEITH R VARNER  - RETAINED 11/07/2007
LIPMAN & KATZ & MCKEE, PA
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051


vs
REV MSGR J J FORD  - DEFENDANT
,
Attorney for: REV MSGR J J FORD
GERARD P CONLEY JR - RETAINED
CLOUTIER BARRETT CLOUTIER & CONLEY
465 CONGRESS ST
PORTLAND ME 04101


JAMES MORRISON  - DEFENDANT
,
Attorney for: JAMES MORRISON
PETER DETROY  - RETAINED
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112


RENE MATHIEU  - DEFENDANT
,
Attorney for: RENE MATHIEU
PETER DETROY  - RETAINED
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112


RITA-MAE BISSONETTE  - DEFENDANT
,
Attorney for: RITA-MAE BISSONETTE
GERALD F PETRUCCELLI  - RETAINED
PETRUCCELLI, MARTIN & HADDOW, LLP
50 MONUMENT SQUARE
PO BOX 17555
PORTLAND ME 04112-8555


JOHN DOE  - DEFENDANT
,

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2007-00331


**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: OTHER PERSONAL INJURY TORT
Filing Date: 11/14/2007

## Docket Events:

11/15/2007 FILING DOCUMENT - COMPLAINT FILED ON 11/14/2007

12/26/2007 Party(s):  REV MSGR J J FORD

SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 12/11/2007
SERVICE MADE ON PETER DETROY ON BEHALF OF MSGR. RENE MATHIEU.

12/26/2007 Party(s): REV MSGR J J FORD
SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 12/11/2007
SERVICE MADE ON PETER DETROY ON BEHALF OF REV. JAMES MORRISON.

12/26/2007 Party(s): REV MSGR J J FORD
SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 12/08/2007
SERVICE MADE ON GERALD PETRUCELLI ON BEHALF OF RITA-MAE BISSONNETTE.

12/26/2007 Party(s): JAMES MORRISON
ATTORNEY - RETAINED ENTERED ON 12/13/2007
Defendant's Attorney: PETER DETROY

12/26/2007 Party(s): RENE MATHIEU
ATTORNEY - RETAINED ENTERED ON 12/13/2007
Defendant's Attorney: PETER DETROY

12/26/2007 Party(s): RITA-MAE BISSONETTE
ATTORNEY - RETAINED ENTERED ON 12/13/2007
Defendant's Attorney: GERALD F PETRUCCELLI

12/29/2007 Party(s): RITA-MAE BISSONETTE
RESPONSIVE PLEADING - ANSWER FILED ON 12/26/2007
Defendant's Attorney: GERALD F PETRUCCELLI

12/29/2007 Party(s): JAMES MORRISON,RENE MATHIEU
RESPONSIVE PLEADING - ANSWER FILED ON 12/26/2007
Defendant's Attorney: JOHN R VEILLEUX

12/29/2007 Party(s): REV MSGR J J FORD
SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 12/13/2007
Plaintiff's Attorney: GERARD P CONLEY JR

12/29/2007 Party(s): REV MSGR J J FORD
ATTORNEY - RETAINED ENTERED ON 12/27/2007
Defendant's Attorney: GERARD P CONLEY JR

01/04/2008 Party(s): REV MSGR J J FORD
RESPONSIVE PLEADING - ANSWER FILED ON 01/03/2007
Plaintiff's Attorney: GERARD P CONLEY JR
S/CLOUTIER, ESQ.

01/28/2008 Party(s): RITA-MAE BISSONETTE
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/22/2008
Defendant's Attorney: GERALD F PETRUCCELLI
SR RITA-MAE BISSONNETTE'S ANSWERS TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF
DOCUMENTS SERVED ON ATTY MCKEE ON 1/18/08.

02/06/2008 Party(s): RITA-MAE BISSONETTE
OTHER FILING - OPPOSING MEMORANDUM FILED ON 02/04/2008
Defendant's Attorney: GERALD F PETRUCCELLI

DEFENDANT BISSONNETTE'S OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE.

02/07/2008 Party(s):  JAMES MORRISON
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/07/2008
          DEFENDANT MORRISON'S OBJECTION TO PLAINTIFF'S INTERROGATORIES, REQUEST FOR PRODUCTION OF
          DOCUMENTS, DEFENDANT MATHIEU'S OBJECTION TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR
          PRODUCTION OF DOCUMENTS SERVED ON SUMNER LIPMAN, ESQ. ON 2/4/08.

02/11/2008 Party(s):  JAMES MORRISON,RENE MATHIEU
          OTHER FILING - OPPOSING MEMORANDUM FILED ON 02/08/2008
          Defendant's Attorney: PETER DETROY
          TO PLAINTIFF'S MOTION TO CONSOLIDATE

02/11/2008 Party(s):  JAMES MORRISON,RENE MATHIEU
          MOTION - MOTION JUDGMENT ON PLEADINGS FILED ON 02/08/2008
          Defendant's Attorney: PETER DETROY
          WITH PROPOSED ORDER AND REQEUEST FOR HEARING

02/11/2008 Party(s):  REV MSGR J J FORD
          OTHER FILING - OPPOSING MEMORANDUM FILED ON 02/11/2008
          Defendant's Attorney: GERARD P CONLEY JR
          TO PLAINTIFF'S MOTION TO CONSOLIDATE.

02/12/2008 Party(s):  RITA-MAE BISSONETTE
          MOTION - MOTION JUDGMENT ON PLEADINGS FILED ON 02/07/2008
          Defendant's Attorney: GERALD F PETRUCCELLI
          WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING

02/25/2008 Party(s):  REV MSGR J J FORD
          MOTION - MOTION JUDGMENT ON PLEADINGS FILED ON 02/19/2008
          Defendant's Attorney: GERARD P CONLEY JR
          PROPOSED ORDER AND REQUEST FOR HEARING.

02/29/2008 HEARING - MOTION JUDGMENT ON PLEADINGS SCHEDULED FOR 04/10/2008 @ 1:00  in Room No.  1

03/10/2008 Party(s):  RITA-MAE BISSONETTE
          MOTION - MOTION TO CONTINUE FILED ON 03/10/2008
          Defendant's Attorney: GERALD F PETRUCCELLI

03/10/2008 Party(s):  RITA-MAE BISSONETTE
          OTHER FILING - REPLY MEMORANDUM FILED ON 03/10/2008
          Defendant's Attorney: GERALD F PETRUCCELLI

03/11/2008 Party(s):  REV MSGR J J FORD,JAMES MORRISON
          RESPONSIVE PLEADING - RESPONSE FILED ON 03/11/2007
          Defendant's Attorney: JOHN R VEILLEUX
          REPLY TO PLT'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS.

03/13/2008 HEARING - MOTION JUDGMENT ON PLEADINGS NOTICE SENT ON 03/13/2008

03/13/2008 Party(s):  WILLIAM J PICHER
          ATTORNEY - RETAINED ENTERED ON 11/07/2007
          Plaintiff's Attorney: KEITH R VARNER

03/18/2008 Party(s): JAMES MORRISON,RENE MATHIEU
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/17/2008
Defendant's Attorney: JOHN R VEILLEUX
DEF REV JAMES MORRISON'S ANSWERS TO PLT'S INTERROGATORIES SERVED ON ATTY LIPMAN, VARNER
AND MCKEE ON 3/13/08.

03/19/2008 Party(s): REV MSGR J J FORD
RESPONSIVE PLEADING - RESPONSE FILED ON 03/19/2008
Defendant's Attorney: GERARD P CONLEY JR
DEF REV MSGR JR JOSEPH FORD'S REPLY TO PLT'S OPPOSITION TO MOTION FOR       JUDGMENT ON
PLEADINGS.

04/11/2008 HEARING - MOTION JUDGMENT ON PLEADINGS HELD ON 04/10/2008
JOSEPH M JABAR , JUSTICE
Defendant's Attorney: GERARD P CONLEY JR
Plaintiff's Attorney:  KEITH R VARNER

05/19/2008 Party(s): REV MSGR J J FORD
MOTION - MOTION JUDGMENT ON PLEADINGS DENIED ON 05/14/2008
JOSEPH M JABAR , JUSTICE
COPIES TO PARTIES/COUNSEL

05/19/2008 Party(s): RITA-MAE BISSONETTE
MOTION - MOTION JUDGMENT ON PLEADINGS DENIED ON 05/14/2008
JOSEPH M JABAR , JUSTICE
COPIES TO PARTIES/COUNSEL

05/19/2008 Party(s): JAMES MORRISON,RENE MATHIEU
MOTION - MOTION JUDGMENT ON PLEADINGS DENIED ON 05/14/2008
JOSEPH M JABAR , JUSTICE
COPIES TO PARTIES/COUNSEL

A TRUE COPY
ATTEST: _____
                    Clerk

STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-07-276
and CV-07-331

STEVEN F. BOYDEN

        Plaintiff

    v.

RONALD N. MICHAUD,

and

THE ROMAN CATHOLIC
BISHOP OF PORTLAND,

        Defendants

-----------------------------------------------

WILLAIM J. PICHER,

        Plaintiff

    v.

REV. MSGR. J. JOSEPH FORD,
REV. JAMES M. MORRISON,
REV. MSGR. RENE T. MATHIEU
SR. RITA-MAE BISSONNETTE,
and
JOHN DOE,

        Defendants

**DECISION AND ORDER**

Before this court in the *Boyden* case is defendant The Roman Catholic Bishop of Portland (The Bishop)'s M.R. App. P. 24(c) motion to report to the Law Court. In the *Picher* case, each named defendant has filed a motion to report. Because the *Picher* and *Boyden* motions raise identical legal issues, the court discusses them together.

**Facts**

    A. *Boyden v. Michaud*

This action commenced pursuant to a complaint on September 20, 2007, in which plaintiff alleged that defendant Ronald M. Michaud,[1] a Roman Catholic priest, molested him between 1983 and 1985, while plaintiff was a member of Michaud's parish. Plaintiff's complaint also included claims against The Bishop for negligent supervision, breach of fiduciary duty, and fraud. In its answer, The Bishop asserted nine affirmative defenses, including that plaintiff's claims are barred by the statute of limitations. See 14 M.R.S. § 752 (2007).

Subsequently, The Bishop brought two consecutive motions for judgment on the pleadings. See M.R. Civ. P. 12(c). The first of these motions asserted that plaintiff's claims were barred by subsequent amendments to Maine's statute of limitations for sexual acts toward minors, 14 M.R.S. § 752-C, and certain provisions of the Servicemembers' Civil Relief Act, 50 U.S.C. App. § 526(a). The Bishop's second motion argued that plaintiff's claims were barred by Maine's general statute of limitations. 14 M.R.S. § 752. By Order dated May 14, 2008, this court denied both motions, finding section 752-C applicable to the plaintiff's claims. See Boyden v. Michaud, CV-07-276 & CV-07-331 (Me. Super. Ct., Ken. Cty., May 14, 2008) (Jabar, J.). On June 5, 2008, The Bishop filed a notice of appeal and, pursuant to M.R. App. P. 24(c), a motion to report to the Law Court.

B. *Picher v. Ford, et al.*

This action commenced[2] pursuant to a complaint on or about December 3, 2007, wherein plaintiff alleged that defendant Raymond P. Melville,[3] a Roman Catholic priest,

---

[1] Because Michaud failed to file an answer, default judgment was entered against him on June 9, 2008.
[2] Plaintiff also brought an earlier complaint against Melville and The Bishop in Kennebec County Superior Court (Docket No. CV-07-57). The Bishop filed a motion for summary judgment in that case based on a charitable immunity defense, which was granted on December 10, 2007, final judgment being

molested him between 1986 and 1989, while plaintiff was a student at St. Mary's School. Also named in the complaint were four defendants—Sr. Rita-Mae Bissonnette, Rev. Msgr. Rene T. Mathieu, Rev. James J. Morrison, and Rev. Msgr. J. Joseph Ford—that hold (or have held) supervisory positions within the administration of The Bishop.

In December 2007, each of the defendants in *Picher* filed answers asserting, as an affirmative defense, that plaintiff's claims were barred by the general statute of limitations. See 14 M.R.S. § 752. Each defendant subsequently filed a motion for judgment on the pleadings, arguing that the statute of limitations barred plaintiff's claims. After this court denied the defendants' motions pursuant to the May 14th Order, see Michaud, CV-07-276 & CV-07-331, each defendant filed a notice of appeal and motion to report to the Law Court.

Along with the notice of appeal, the defendants' in *Boyden* and *Picher* moved the Law Court to remand the case solely for the purpose of deciding the motions to report, and asked the Law Court to stay further proceedings pending this court's decision. On July 16, 2008, the Law Court dismissed the defendants' appeals as interlocutory, and denied the motions for limited remand and stay of proceedings.

**Discussion**

The moving defendants in *Boyden* and *Picher*, pursuant to M.R. App. P. 24(c), seek to report this case to the Law Court to decide whether 14 M.R.S. § 752 bars the plaintiffs' claims in each case. Because all parties have not agreed to the motion to report, see M.R. App. P. 24(a), the applicable provision, Maine Rule of Appellate Procedure 24(c), provides:

---

entered January 24, 2008. Plaintiff's appeal of the court's decision is pending before the Law Court. A motion to consolidate these cases was denied.

[3] Default judgment was entered against Melville for failure to respond.

> If the trial court is of the opinion that a question of law involved in an interlocutory order or ruling made by it ought to be determined by the Law Court before any further proceedings are taken, it may on motion of the aggrieved party report the case to the Law Court for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties without making any decision therein.

Although the Law Court clearly has ultimate discretion as to whether to accept or reject a report, see Toussaint v. Perreault, 388 A.2d 918, 920 (Me. 1978), in making a preliminary determination of the propriety of a report this court observes the guidelines utilized by the Law Court. See, e.g., Morris v. Sloan, 1997 ME 179, ¶ 7, 698 A.2d 1038, 1040-41; Cobb v. Allstate Ins. Co., 663 A.2d 38, 40 (Me. 1995); Knox v. Combined Ins. Co., 542 A.2d 363, 365 (Me. 1988). Thus, in evaluating whether a case meets all the M.R. App. P. 24(c) requirements to justify a report to the Law Court, this court assesses

> whether the question of law reported is "of sufficient importance and doubt to outweigh the policy against piecemeal litigation." We also consider whether "a question raised on report might not have reached the Law Court in the normal course of the appellate process" -- that is, whether the issue might not have to be decided at all because of other possible dispositions. Although Rule 72(c) does not require us to do so, we may take into account whether "our decision will in at least one alternative dispose of the action . . . ." Finally, in the interests of the judicial economy and the preservation of our appellate function, we must consider whether our involvement in a case prior to the entry of a final judgment will encourage piecemeal litigation in cases involving similar circumstances.

Sloan, 1997 ME 179, ¶ 7, 698 A.2d 1038, 1041 (citations omitted).[4] A report pursuant to M.R. App. P. 24 is an exception to the final judgment rule that "should be used sparingly." Luhr v. Bickford, 661 A.2d 1141, 1142 (Me. 1995).

The court on the record indicated that it would grant the defendants' motion to report the case to the Law Court. However, after reviewing the prevailing law in this area, the court is not persuaded that this case should be reported to the Law Court. The

---

[4] Although this language refers to "Rule 72(c)," the text of M.R. Civ. P. Rule 72(c) was abrogated effective December 31, 2001. Appeals filed on or after January 1, 2001 are governed by M.R. App. P. 24, which "tracks very closely M.R. Civ. P. 72 . . . ." M.R. App. P. Advisory Notes ETH 2001.

legal question posed is whether section 752-C or section 752 applies to the plaintiffs' causes of action. See 14 M.R.S. §§ 752, 752-C. If section 752, rather than section 752-C, applies, both plaintiffs' causes of action would likely be barred by section 752's six-year statute of limitations.[5] This question—whether section 752-C is applicable to claims against parties other than the perpetrator of the sexual acts—was previously brought before the Federal District Court for the District of Maine in Allen v. Forest, 257 F. Supp. 2d 276 (D. Me. 2003).

Regarding the issue of section 752-C's applicability, the approach argued by the defendant in Allen, as here, focused on the conduct of the perpetrator. Allen, 257 F. Supp. 2d at 278. The approach argued by the plaintiff in Allen, as here, focused instead on the policy behind the elimination of the statute of limitations, to give added relief to the victims of sexual abuse. Id. at 279. Both parties cited numerous cases from foreign jurisdictions in support of their positions; the same cases relied upon by the parties here. See id. at 278-280 (citing Kelly v. Marcantonio, 678 A.2d 873 (R.I. 1996); Debbie Reynolds Prof'l Rehearsal Studios v. Johnson, 25 Cal. App. 4th 222 (Cal. App. 1994); Almonte v. New York Med. Coll., 851 F. Supp. 34 (D. Conn. 1994); Werre v. David, 913 P.2d 625 (Mont. 1996); Lourim v. Swensen, 977 P.2d 1157 (Or. 1999); and C.J.C v. Corporation of the Catholic Bishop of Yakima, 985 P.2d 262 (Wash. 1999)).[6]

The District Court found that "[t]he language of each of the state statutes construed in these cases differed from that of section 752-C." Allen, 257 F. Supp. 2d at 279. It also noted that "[t]he courts in Kelly and C.J.C. reached opposite results in construing essentially identical language." Id. Therefore, the District Court found that

---

[5] "All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards . . . ." 14 M.R.S.A. § 752. Section 752-C is applicable to "[a]ctions based upon sexual acts . . . ." Id. at § 752-C.

[6] This court notes also the existence of Sandoval v. The Archdiocese of Denver, 8 P.3d 598 (Colo. Ct. App. 2000) and Delonga v. Diocese of Sioux Falls, 329 F. Supp. 2d 1092 (D. S.D. 2004).

"[u]nder the circumstances none of these opinions provides persuasive authority for interpretation of section 752-C." Id. Ultimately, because the District Court was "unable to predict the path of Maine law in regard to claims against non-perpetrator defendants with respect to 14 M.R.S.A. § 752-C," the District Court certified the question of whether section 752-C is "applicable to claims against parties other than the perpetrator of the sexual acts toward minors that provide the factual basis for those claims" to the Law Court. Id.

The parties in Allen settled before the Law Court had an opportunity to opine on the certified question. That question, however, is presented again in both *Boyden* and *Picher*. Like in Allen, resolution of this question will be, at least in one alternative, determinative of the case. If the Law Court determines that section 752-C does not apply to claims against parties other than the perpetrator, and instead section 752 is the applicable provision, plaintiffs' claims against the moving defendants are likely barred.[7]

However, if, instead, the Law Court finds section 752-C applies, the decision would not dispose of the action, and the case would likely return to this court for further proceedings, including the merits of the defendants' remaining eight affirmative defenses. Such a consideration weighs heavily against granting a motion to report. See Sloan, 1997 ME 179, ¶ 7, 698 A.2d at 1041 (finding a report improvidently granted partly because the issue "might not have to be decided at all because of other possible dispositions"); State v. Placzek, 380 A.2d 1010, 1013 (Me. 1977) (finding it "is not an efficient use of total court resources to report the case to the Law Court merely on the chance that its decision may turn out to be the one that finally disposes of the case"); cf. United States, Dep't of Agric., Rural Hous. Serv. v. Carter, 2002 ME 103, ¶ 13, 799 A.2d

---

[7] Plaintiffs argue that even if section 752 applies, they must be given the opportunity to conduct discovery to determine whether the statute of limitations period was tolled. Because this factual issue would require remand, the plaintiffs argue, the motion to report is inappropriate.

1232, 1236 (finding the judicial economy exception applies "only when a decision on . . . appeal . . . regardless of what it is, would effectively dispose of the entire case").[8]

Moreover, this case may be disposed of in the normal course of litigation without the legal issue reaching the Law Court. For instance, the legal issue addressed by the Law Court in Swanson v. Roman Catholic Bishop of Portland, 1997 ME 63, 692 A.2d 441—whether a claim of negligent supervision may be brought against a church[9]— raises serious questions and hurdles for the plaintiff that most likely will be resolved in subsequent motions for summary judgment. Without deciding the issue prematurely, where, as here, the case may be disposed of on other grounds, granting a motion to report is inadvisable, particularly considering the strong policy against piecemeal appellate review. See Meiners v. Aetna Cas. & Sur. Co., 663 A.2d 6, 8 (Me. 1995).

For these reasons, the court herby denies the defendants' motion to report to the Law Court.

The entry is:

> The defendants' motion to report pursuant to M.R. App. P. 24(c) is DENIED.

September 30, 2008

Justice Joseph Jabar

---

[8] It does not go unnoticed that the Law Court dismissed defendants' appeal as interlocutory.

[9] In Swanson, the Law Court held that:

> on the facts of this case, imposing a secular duty of supervision on the church and enforcing that duty through civil liability would restrict its freedom to interact with its clergy in the manner deemed proper by ecclesiastical authorities and would not serve a societal interest sufficient to overcome the religious freedoms inhibited.

Swanson, 1997 ME 63, ¶ 13, 692 A.2d at 445. Swanson, however, did not establish blanket tort immunity for religious organizations, nor was the decision the final word on the subject. See Fortin v. Roman Catholic Bishop of Portland, 2005 ME 57, ¶ 23, 871 A.2d 1208, 1217.

WILLIAM J PICHER  - PLAINTIFF

Attorney for: WILLIAM J PICHER
KEITH R VARNER  - RETAINED 11/07/2007
LIPMAN & KATZ & MCKEE, PA
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051


vs
REV MSGR J J FORD  - DEFENDANT
,
Attorney for: REV MSGR J J FORD
GERARD P CONLEY JR - RETAINED
CLOUTIER BARRETT CLOUTIER & CONLEY
465 CONGRESS ST
PORTLAND ME 04101


JAMES MORRISON  - DEFENDANT
,
Attorney for: JAMES MORRISON
PETER DETROY  - RETAINED
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112


RENE MATHIEU  - DEFENDANT
,
Attorney for: RENE MATHIEU
PETER DETROY  - RETAINED
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112


RITA-MAE BISSONETTE  - DEFENDANT
,
Attorney for: RITA-MAE BISSONETTE
GERALD F PETRUCCELLI  - RETAINED
PETRUCCELLI, MARTIN & HADDOW, LLP
50 MONUMENT SQUARE
PO BOX 17555
PORTLAND ME 04112-8555

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CV-2007-00331

**DOCKET RECORD**


Filing Document: COMPLAINT          Minor Case Type: OTHER PERSONAL INJURY TORT
Filing Date: 11/14/2007

# Docket Events:

11/15/2007 FILING DOCUMENT - COMPLAINT FILED ON 11/14/2007

12/26/2007 Party(s):  REV MSGR J J FORD
          SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 12/11/2007
          SERVICE MADE ON PETER DETROY ON BEHALF OF MSGR. RENE MATHIEU.

12/26/2007 Party(s): REV MSGR J J FORD
SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 12/11/2007
SERVICE MADE ON PETER DETROY ON BEHALF OF REV. JAMES MORRISON.

12/26/2007 Party(s): REV MSGR J J FORD
SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 12/08/2007
SERVICE MADE ON GERALD PETRUCELLI ON BEHALF OF RITA-MAE BISSONNETTE.

12/26/2007 Party(s): JAMES MORRISON
ATTORNEY - RETAINED ENTERED ON 12/13/2007
Defendant's Attorney: PETER DETROY

12/26/2007 Party(s): RENE MATHIEU
ATTORNEY - RETAINED ENTERED ON 12/13/2007
Defendant's Attorney: PETER DETROY

12/26/2007 Party(s): RITA-MAE BISSONETTE
ATTORNEY - RETAINED ENTERED ON 12/13/2007
Defendant's Attorney: GERALD F PETRUCCELLI

12/29/2007 Party(s): RITA-MAE BISSONETTE
RESPONSIVE PLEADING - ANSWER FILED ON 12/26/2007
Defendant's Attorney: GERALD F PETRUCCELLI

12/29/2007 Party(s): JAMES MORRISON,RENE MATHIEU
RESPONSIVE PLEADING - ANSWER FILED ON 12/26/2007
Defendant's Attorney: JOHN R VEILLEUX

12/29/2007 Party(s): REV MSGR J J FORD
SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 12/13/2007
Plaintiff's Attorney: GERARD P CONLEY JR

12/29/2007 Party(s): REV MSGR J J FORD
ATTORNEY - RETAINED ENTERED ON 12/27/2007
Defendant's Attorney: GERARD P CONLEY JR

01/04/2008 Party(s): REV MSGR J J FORD
RESPONSIVE PLEADING - ANSWER FILED ON 01/03/2007
Plaintiff's Attorney: GERARD P CONLEY JR
S/CLOUTIER, ESQ.

01/28/2008 Party(s): RITA-MAE BISSONETTE
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/22/2008
Defendant's Attorney: GERALD F PETRUCCELLI
SR RITA-MAE BISSONNETTE'S ANSWERS TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF
DOCUMENTS SERVED ON ATTY MCKEE ON 1/18/08.

02/06/2008 Party(s): RITA-MAE BISSONETTE
OTHER FILING - OPPOSING MEMORANDUM FILED ON 02/04/2008
Defendant's Attorney: GERALD F PETRUCCELLI
DEFENDANT BISSONNETTE'S OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE.

02/07/2008 Party(s):  JAMES MORRISON
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/07/2008
           DEFENDANT MORRISON'S OBJECTION TO PLAINTIFF'S INTERROGATORIES, REQUEST FOR PRODUCTION OF
           DOCUMENTS, DEFENDANT MATHIEU'S OBJECTION TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR
           PRODUCTION OF DOCUMENTS SERVED ON SUMNER LIPMAN, ESQ. ON 2/4/08.


02/11/2008 Party(s):  JAMES MORRISON,RENE MATHIEU
           OTHER FILING - OPPOSING MEMORANDUM FILED ON 02/08/2008
           Defendant's Attorney: PETER DETROY
           TO PLAINTIFF'S MOTION TO CONSOLIDATE


02/11/2008 Party(s):  JAMES MORRISON,RENE MATHIEU
           MOTION - MOTION JUDGMENT ON PLEADINGS FILED ON 02/08/2008
           Defendant's Attorney: PETER DETROY
           WITH PROPOSED ORDER AND REQEUEST FOR HEARING


02/11/2008 Party(s):  REV MSGR J J FORD
           OTHER FILING - OPPOSING MEMORANDUM FILED ON 02/11/2008
           Defendant's Attorney: GERARD P CONLEY JR
           TO PLAINTIFF'S MOTION TO CONSOLIDATE.


02/12/2008 Party(s):  RITA-MAE BISSONETTE
           MOTION - MOTION JUDGMENT ON PLEADINGS FILED ON 02/07/2008
           Defendant's Attorney: GERALD F PETRUCCELLI
           WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING


02/25/2008 Party(s):  REV MSGR J J FORD
           MOTION - MOTION JUDGMENT ON PLEADINGS FILED ON 02/19/2008
           Defendant's Attorney: GERARD P CONLEY JR
           PROPOSED ORDER AND REQUEST FOR HEARING.


02/29/2008 HEARING - MOTION JUDGMENT ON PLEADINGS SCHEDULED FOR 04/10/2008 @ 1:00  in Room No.  1


03/10/2008 Party(s):  RITA-MAE BISSONETTE
           MOTION - MOTION TO CONTINUE FILED ON 03/10/2008
           Defendant's Attorney: GERALD F PETRUCCELLI


03/10/2008 Party(s):  RITA-MAE BISSONETTE
           OTHER FILING - REPLY MEMORANDUM FILED ON 03/10/2008
           Defendant's Attorney: GERALD F PETRUCCELLI


03/11/2008 Party(s):  REV MSGR J J FORD,JAMES MORRISON
           RESPONSIVE PLEADING - RESPONSE FILED ON 03/11/2007
           Defendant's Attorney: JOHN R VEILLEUX
           REPLY TO PLT'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS.


03/13/2008 HEARING - MOTION JUDGMENT ON PLEADINGS NOTICE SENT ON 03/13/2008


03/13/2008 Party(s):  WILLIAM J PICHER
           ATTORNEY - RETAINED ENTERED ON 11/07/2007
           Plaintiff's Attorney: KEITH R VARNER


03/18/2008 Party(s):  JAMES MORRISON,RENE MATHIEU

DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/17/2008
Defendant's Attorney: JOHN R VEILLEUX
DEF REV JAMES MORRISON'S ANSWERS TO PLT'S INTERROGATORIES SERVED ON ATTY LIPMAN, VARNER
AND MCKEE ON 3/13/08.

03/19/2008 Party(s): REV MSGR J J FORD
RESPONSIVE PLEADING - RESPONSE FILED ON 03/19/2008
Defendant's Attorney: GERARD P CONLEY JR
DEF REV MSGR JR JOSEPH FORD'S REPLY TO PLT'S OPPOSITION TO MOTION FOR      JUDGMENT ON
PLEADINGS.

04/11/2008 HEARING - MOTION JUDGMENT ON PLEADINGS HELD ON 04/10/2008
JOSEPH M JABAR , JUSTICE
Defendant's Attorney: GERARD P CONLEY JR
Plaintiff's Attorney:  KEITH R VARNER

05/19/2008 Party(s): REV MSGR J J FORD
MOTION - MOTION JUDGMENT ON PLEADINGS DENIED ON 05/14/2008
JOSEPH M JABAR , JUSTICE
COPIES TO PARTIES/COUNSEL

05/19/2008 Party(s): RITA-MAE BISSONETTE
MOTION - MOTION JUDGMENT ON PLEADINGS DENIED ON 05/14/2008
JOSEPH M JABAR , JUSTICE
COPIES TO PARTIES/COUNSEL

05/19/2008 Party(s): JAMES MORRISON,RENE MATHIEU
MOTION - MOTION JUDGMENT ON PLEADINGS DENIED ON 05/14/2008
JOSEPH M JABAR , JUSTICE
COPIES TO PARTIES/COUNSEL

05/29/2008 DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/28/2008
Defendant's Attorney: JOHN R VEILLEUX
DEF REV RENE MATHIEU'S RESPONSE TO PLT'S REQUEST FOR DOCUMENTS AND DEF REV MORRISON'S
RESPONSES TO PLT'S REQUEST FOR DOCUMENTS SERVED ON ATTY LIPMAN, VARNER AND MCKEE ON
5/23/08.

06/10/2008 Party(s): RITA-MAE BISSONETTE
APPEAL - NOTICE OF APPEAL FILED ON 06/06/2008
Defendant's Attorney: GERALD F PETRUCCELLI
ATTESTED COPY OF NOTICE OF APPEAL, DOCKET SHEET AND RECEIPT OF FILING MAILED TO MATTHEW
POLLACK, CLERK OF THE LAW COURT.                          COPIES MAILED TO ATTYS. OF
RECORD.  (MAILED 6/18/08)

06/10/2008 Party(s): RITA-MAE BISSONETTE
MOTION - OTHER MOTION FILED ON 06/06/2008
Defendant's Attorney: GERALD F PETRUCCELLI
MOTION TO REPORT TO THE LAW COURT, PROPOSED ORDER AND REQUEST FOR HEARING.

06/10/2008 Party(s): JAMES MORRISON,RENE MATHIEU
APPEAL - NOTICE OF APPEAL FILED ON 06/09/2008
Defendant's Attorney: JOHN R VEILLEUX
ATTESTED COPY OF NOTICE OF APPEAL, DOCKET SHEETS AND RECEIPT OF FILING FEE MAILED TO

MATTHEW POLLACK, CLERK OF THE LAW COURT.                    COPIES MAILED TO ATTYS.
OF RECORD.  (MAILED 6/18/08)

06/10/2008 Party(s):  JAMES MORRISON,RENE MATHIEU
           MOTION - OTHER MOTION FILED ON 06/09/2008
           Defendant's Attorney: JOHN R VEILLEUX
           MOTION TO REPORT TO THE LAW COURT AND PROPOSED ORDER.


06/13/2008 Party(s):  REV MSGR J J FORD
           APPEAL - NOTICE OF APPEAL FILED ON 06/11/2008
           Defendant's Attorney: GERARD P CONLEY JR
           ATTESTED COPIES OF NOTICE OF APPEAL, DOCKET SHEETS AND RECEIPT OF FILING FEE MAILED TO
           ATTYS. OF RECORD. (MAILED 6/18/08)                    COPIES MALIED TO ATTYS. OF
           RECORD.


06/13/2008 Party(s):  REV MSGR J J FORD
           MOTION - OTHER MOTION FILED ON 06/11/2008
           Defendant's Attorney: GERARD P CONLEY JR
           TO REPORT TO THE LAW COURT WITH PROPOSED ORDER.


06/26/2008 Party(s):  WILLIAM J PICHER
           OTHER FILING - OPPOSING MEMORANDUM FILED ON 06/25/2008
           Plaintiff's Attorney:  KEITH R VARNER
           MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO REPORT TO LAW COURT.


06/26/2008 APPEAL - RECORD ON APPEAL DUE IN LAW COURT ON 06/27/2008
           NOTICE FROM LAW COURT. CASE TO BE TRANSMITTED BY JUNE 27, 2008, DOCKET NUMBE ASSIGNED IS
           KEN-08-341


07/03/2008 Party(s):  JAMES MORRISON,RENE MATHIEU
           OTHER FILING - OTHER DOCUMENT FILED ON 07/02/2008
           Defendant's Attorney: PETER DETROY
           DEF'S REV JAMES MORRISON'S AND REV RENE MATHIEU'S REPLY IN SUPPORT OF THEIRMOTION TO
           REPORT TO THE LAW COURT.


07/07/2008 Party(s):  REV MSGR J J FORD
           OTHER FILING - OTHER DOCUMENT FILED ON 07/02/2008
           Defendant's Attorney: GERARD P CONLEY JR
           DEF MSGR J JOSEPH FORD'S REPLY IN SUPPORT OF HIS MOTION TO REPORT TO LAW   COURT.


07/09/2008 Party(s):  RITA-MAE BISSONETTE
           OTHER FILING - REPLY MEMORANDUM FILED ON 07/01/2008
           Defendant's Attorney: GERALD F PETRUCCELLI
           DEFENDANT SR. RITA MAE BISSONNETTE'S REPLY IN SUPPORT OF MOTION TO REPORT TO THE LAW
           COURT.


07/14/2008 HEARING - OTHER MOTION SCHEDULED FOR 08/05/2008 @ 9:00  in Room No.  2
           MOTION TO REPORT TO THE LAW COURT


07/14/2008 HEARING - OTHER MOTION NOTICE SENT ON 07/09/2008
           MOTION TO REPORT TO THE LAW COURT


07/21/2008 ORDER - COURT ORDER ENTERED ON 07/21/2008

LEIGH I SAUFLEY , SUPREME COURT CHIEF JUSTICE
THE MOTONS FOR LIMITED REMAND AND STAY OF PROCEEDINGS ARE DENIED. MR. PICHER'S MOTION TO
DISMISS IS GRANTED. THE APPEAL IS DISMISSED AS INTERLOCUTORY.

08/12/2008 HEARING - OTHER MOTION HELD ON 08/05/2008
JOSEPH M JABAR , JUSTICE
Defendant's Attorney: GERARD P CONLEY JR
Plaintiff's Attorney:  KEITH R VARNER
MOTION TO REPORT TO THE LAW COURT                                    ALSO PRESENT
GERALD PETRUCELLI, ESQ.

08/12/2008 Party(s):  REV MSGR J J FORD
MOTION - OTHER MOTION UNDER ADVISEMENT ON 08/05/2008
JOSEPH M JABAR , JUSTICE
TO REPORT TO THE LAW COURT WITH PROPOSED ORDER.

08/12/2008 Party(s):  JAMES MORRISON,RENE MATHIEU
MOTION - OTHER MOTION UNDER ADVISEMENT ON 08/05/2008
JOSEPH M JABAR , JUSTICE
MOTION TO REPORT TO THE LAW COURT AND PROPOSED ORDER.

08/12/2008 Party(s):  RITA-MAE BISSONETTE
MOTION - OTHER MOTION UNDER ADVISEMENT ON 08/05/2008
JOSEPH M JABAR , JUSTICE
MOTION TO REPORT TO THE LAW COURT, PROPOSED ORDER AND REQUEST FOR HEARING.

09/30/2008 Party(s):  REV MSGR J J FORD
MOTION - OTHER MOTION DENIED ON 09/30/2008
JOSEPH M JABAR , JUSTICE
TO REPORT TO THE LAW COURT WITH PROPOSED ORDER.

09/30/2008 Party(s):  JAMES MORRISON,RENE MATHIEU
MOTION - OTHER MOTION DENIED ON 09/30/2008
JOSEPH M JABAR , JUSTICE
MOTION TO REPORT TO THE LAW COURT AND PROPOSED ORDER.

09/30/2008 Party(s):  RITA-MAE BISSONETTE
MOTION - OTHER MOTION DENIED ON 09/30/2008
JOSEPH M JABAR , JUSTICE
MOTION TO REPORT TO THE LAW COURT, PROPOSED ORDER AND REQUEST FOR HEARING.

09/30/2008 ORDER - COURT ORDER ENTERED ON 09/30/2008
JOSEPH M JABAR , JUSTICE
THE DEFENDANTS' MOTION TO REPORT PURSUANT TO M.R.APP.P. 24(C) IS DENIED.   COPIES TO
PARTIES/COUNSEL

A TRUE COPY
ATTEST: _____
                        Clerk

STEVEN F BOYDEN  - PLAINTIFF
1077B NORTH VANWERT ROAD
VILLA RICA GA 30180
Attorney for: STEVEN F BOYDEN
SUMNER LIPMAN  - RETAINED 09/19/2007
LIPMAN & KATZ & MCKEE, PA
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CV-2007-00276

**DOCKET RECORD**

vs
RONALD N MICHAUD  - DEFENDANT
18 TOWNSEND STREET, APT. 5
AUGUSTA ME 04330
ROMAN CATHOLIC BISHOP OF PORTLAND - DEFENDANT
,
Attorney for: ROMAN CATHOLIC BISHOP OF PORTLAND
GERALD F PETRUCCELLI  - RETAINED
PETRUCCELLI, MARTIN & HADDOW, LLP
50 MONUMENT SQUARE
PO BOX 17555
PORTLAND ME 04112-8555


Filing Document: COMPLAINT                     Minor Case Type: ASSAULT/BATTERY
Filing Date: 09/19/2007

# Docket Events:

09/20/2007 FILING DOCUMENT - COMPLAINT FILED ON 09/19/2007

09/20/2007 Party(s):  STEVEN F BOYDEN
           ATTORNEY - RETAINED ENTERED ON 09/19/2007
           Plaintiff's Attorney: SUMNER LIPMAN

09/20/2007 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 09/20/2007
           Plaintiff's Attorney:  SUMNER LIPMAN
           MAILED TO ATTY. OF RECORD.

10/04/2007 Party(s):  ROMAN CATHOLIC BISHOP OF PORTLAND
           SUMMONS/SERVICE - ACCEPTANCE OF SERVICE FILED ON 10/01/2007
           Defendant's Attorney: GERALD F PETRUCCELLI

10/04/2007 Party(s):  ROMAN CATHOLIC BISHOP OF PORTLAND
           ATTORNEY - RETAINED ENTERED ON 10/01/2007
           Defendant's Attorney: GERALD F PETRUCCELLI

10/15/2007 Party(s):  ROMAN CATHOLIC BISHOP OF PORTLAND
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/15/2007
           Defendant's Attorney: GERALD F PETRUCCELLI
           DEFENDANT THE ROMAN CATHOLIC BISHOP OF PORTLAND'S FIRST SET OF INTERROGATORIES PROPOUNDED
           TO PLT AND  DEFENDANT THE ROMAN CATHOLIC BISHOP OF PORTLANDSFIRST REQUEST FOR PRODUCTION
           OF DOCUMENTS PROPOUNDED TO PLT SERVED ON WALTER MCKEE ON OCT.11 2007

10/15/2007 Party(s):  ROMAN CATHOLIC BISHOP OF PORTLAND
           RESPONSIVE PLEADING - ANSWER FILED ON 10/15/2007

Defendant's Attorney: GERALD F PETRUCCELLI

10/15/2007 Party(s):  ROMAN CATHOLIC BISHOP OF PORTLAND
           MOTION - MOTION JUDGMENT ON PLEADINGS FILED ON 10/15/2007
           Defendant's Attorney: GERALD F PETRUCCELLI
           WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING

11/07/2007 Party(s):  STEVEN F BOYDEN
           OTHER FILING - OPPOSING MEMORANDUM FILED ON 11/05/2007
           Plaintiff's Attorney:  SUMNER LIPMAN
           PLTF'S OBJECTIONS TO DEFT'S MOTION FOR JUDGMENT ON THE PLEADINGS

11/09/2007 Party(s):  STEVEN F BOYDEN
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/07/2007
           Plaintiff's Attorney:  WALTER MCKEE
           PLAINTIFF'S OBJECTIONS TO DEFENDANT THE ROMAN CATHOLIC BISHOP OF PORTLAND'S FIRST REQUEST
           FOR PRODUCTION OF DOCUMENTS AND PLAINTIFF'S OBJECTIONS TO DEFENDANT THE ROMAN CATHOLIC
           BHISHOP OF PORTLAND'S FIRST SET OF INTERROGATORIES SERVED ON GERALD F. PETRUCCELLI, ESQ.
           ON 11/6/07.

11/16/2007 Party(s):  RONALD N MICHAUD,ROMAN CATHOLIC BISHOP OF PORTLAND
           MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 11/13/2007
           Defendant's Attorney: GERALD F PETRUCCELLI
           TO REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
           WITH PROPOSED ORDER.

11/20/2007 Party(s):  RONALD N MICHAUD,ROMAN CATHOLIC BISHOP OF PORTLAND
           MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 11/16/2007
           DONALD H MARDEN , JUSTICE
           COPIES TO PARTIES/COUNSEL                                         ORDERED THAT
           DEFENDANT'S MOTION FOR EXTENSION OF TIME TO REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
           MOTION FOR JUDGMENT ON THE PLEADINGS IS GRANTED. THE DEADLINE FOR FILING A REPLY TO THE
           OPPOSITION IS HEREBY EXTENDED UNTIL WEDNESDAY NOVEMBER 28, 2007.

11/27/2007 Party(s):  STEVEN F BOYDEN
           MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 11/21/2007
           Plaintiff's Attorney:  WALTER MCKEE
           WITHIN WHICH TO EFFECTUATE SERVICE ON DEFENDANT MICHAUD WITH PROPOSED.

11/27/2007 Party(s):  ROMAN CATHOLIC BISHOP OF PORTLAND
           RESPONSIVE PLEADING - RESPONSE FILED ON 11/21/2007
           Defendant's Attorney: GERALD F PETRUCCELLI
           DEFENDANT THE ROMAN CATHOLIC BISHOP OF PORTLAND'S REPLY IN SUPPORT OF ITS MOTION FOR
           JUDGMENT ON THE PLEADINGS.

12/04/2007 Party(s):  ROMAN CATHOLIC BISHOP OF PORTLAND
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/28/2007
           Defendant's Attorney: GERALD F PETRUCCELLI
           RESPONSE TO PLTS REQUEST FOR PRODUCTION OF DOCUMENTS, DEF'S ANSWER TO INTERROG. SERVED ON
           WALTER MCKEE, ESQ., ON 11/27/07.

12/21/2007 Party(s):  STEVEN F BOYDEN
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 12/17/2007

Plaintiff's Attorney:  WALTER MCKEE
PLT'S RESPONSES AND OBJECTIONS TO DEF THE ROMAN CATHOLIC BISHOP OF PORTLAND'S FIRST
REQUEST OF DOCUEMTNS SERVED ON ATTY PETRUCCELLI ON 12/17/07 AND FILED 12/20/07.


01/24/2008 Party(s):  STEVEN F BOYDEN
         MOTION - MOTION SERVICE BY PUBLICATION FILED WITH AFFIDAVIT ON 01/23/2008
         Plaintiff's Attorney:  BENJAMIN J SMITH
         PROPOSED ORDER


01/24/2008 Party(s):  STEVEN F BOYDEN
         MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 01/14/2008
         NANCY  MILLS , JUSTICE
         COPIES TO PARTIES/COUNSEL                                      PLAINTIFF HAS
         UNTIL 4/14/08 TO SERVE DEFENDANT RONALD MICHAUD.


01/28/2008 Party(s):  STEVEN F BOYDEN
         DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/24/2008
         Plaintiff's Attorney:  WALTER MCKEE
         PLT'S UNSIGNED ANSWERS TO INTERROGATORIES PROPOUNDED BY THE ROMAN CATHOLIC BISHOP OF
         PORTLAND SERVED ON ATT PETRUCCELLI ON 1/23/08.


02/12/2008 Party(s):  ROMAN CATHOLIC BISHOP OF PORTLAND
         MOTION - MOTION JUDGMENT ON PLEADINGS FILED ON 02/08/2008
         Defendant's Attorney: GERALD F PETRUCCELLI
         WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING


02/25/2008 Party(s):  STEVEN F BOYDEN
         DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/25/2008
         Plaintiff's Attorney:  WALTER MCKEE
         PLT'S SIGNED ANSWERS TO INTERROGATORIES PROPOUNDED BY THE ROMAN CATHOLIC BISHOP OF
         PORTLAND SERVED ON ATTY PETRUCCELLI ON 2/22/08.


02/28/2008 Party(s):  STEVEN F BOYDEN
         MOTION - MOTION SERVICE BY PUBLICATION GRANTED ON 02/25/2008
         JOSEPH M JABAR , JUSTICE
         COPIES TO PARTIES/COUNSEL


02/28/2008 Party(s):  STEVEN F BOYDEN
         OTHER FILING - OPPOSING MEMORANDUM FILED ON 02/28/2008
         Plaintiff's Attorney:  KEITH R VARNER
         TO DEFENDANT THE ROMAN CATHOLIC BISHOP OF PORTLAND'S SECOND MOTION FOR JUDGMENT ON THE
         PLEADINGS.


02/28/2008 Party(s):  STEVEN F BOYDEN
         MOTION - MOTION TO STRIKE FILED ON 02/28/2008
         Plaintiff's Attorney:  KEITH R VARNER


02/29/2008 HEARING - MOTION JUDGMENT ON PLEADINGS SCHEDULED FOR 04/10/2008 @ 1:00  in Room No.  1
         MOTION FOR SERVICE BY PUBLICATION                            AMENDED ORDER
         (3/5/07)


03/10/2008 Party(s):  ROMAN CATHOLIC BISHOP OF PORTLAND
         OTHER FILING - OPPOSING MEMORANDUM FILED ON 03/07/2008

Defendant's Attorney: GERALD F PETRUCCELLI
TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SECOND MOTION FOR JUDGMENT ON THE PLEADINGS.


03/10/2008 Party(s): ROMAN CATHOLIC BISHOP OF PORTLAND
OTHER FILING - REPLY MEMORANDUM FILED ON 03/07/2008
Defendant's Attorney: GERALD F PETRUCCELLI
IN SUPPORT OF ITS SECOND MOTION FOR JUDGMENT ON THE PLEADINGS


03/13/2008 HEARING - MOTION JUDGMENT ON PLEADINGS NOTICE SENT ON 03/13/2008


03/13/2008 Party(s): ROMAN CATHOLIC BISHOP OF PORTLAND
MOTION - MOTION TO CONTINUE FILED ON 03/10/2008
Defendant's Attorney: GERALD F PETRUCCELLI


03/24/2008 Party(s): STEVEN F BOYDEN
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/24/2008
Plaintiff's Attorney: WALTER MCKEE
PL'S SUPPLEMENTAL OBJECTIONS AND RESPONSE TO ROMAN CATHOLIC BISHOP OF PORTLAND'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS SERVED ON ATTY PETRUCCELLI, ON 3/21/08


04/02/2008 Party(s): STEVEN F BOYDEN
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 03/31/2008
Plaintiff's Attorney: BENJAMIN J SMITH
WITHIN WHICH EFFECTUATE SERVICE BY PUBLICATION WITH PROPOSED ORDER.


04/03/2008 Party(s): STEVEN F BOYDEN
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 04/03/2008
JOSEPH M JABAR , JUSTICE
COPIES TO PARTIES/COUNSEL                                                    THE TIME PERIOD
IN WHICH THE PLAINTIFFMUST SERVED DEFENDANT RONALS N. MICHAUD THROUGH PUBLICATION IS
ENLARGED BY A PERIOD OF 30 DAYS OR UNTIL MAY 14, 2008.


04/11/2008 HEARING - MOTION JUDGMENT ON PLEADINGS HELD ON 04/10/2008
JOSEPH M JABAR , JUSTICE
Defendant's Attorney: GERALD F PETRUCCELLI
Plaintiff's Attorney: KEITH R VARNER
PETER DERTROY, ESQ.


04/11/2008 Party(s): STEVEN F BOYDEN
MOTION - MOTION TO STRIKE DENIED ON 04/10/2008
JOSEPH M JABAR , JUSTICE


04/11/2008 Party(s): STEVEN F BOYDEN
MOTION - MOTION TO STRIKE MADE ORALLY ON 04/10/2008
JOSEPH M JABAR , JUSTICE


04/11/2008 Party(s): ROMAN CATHOLIC BISHOP OF PORTLAND
MOTION - MOTION JUDGMENT ON PLEADINGS UNDER ADVISEMENT ON 04/10/2008
JOSEPH M JABAR , JUSTICE


04/22/2008 Party(s): STEVEN F BOYDEN
OTHER FILING - AFFIDAVIT FILED ON 04/22/2008
Plaintiff's Attorney: KEITH R VARNER

AFFIDAVIT OF PUBLICATION

05/01/2008 Party(s):  STEVEN F BOYDEN
         OTHER FILING - AFFIDAVIT FILED ON 04/29/2008
         Plaintiff's Attorney:  KEITH R VARNER
         AFFIDAVIT OF PUBLICATION


05/19/2008 Party(s):  ROMAN CATHOLIC BISHOP OF PORTLAND
         MOTION - MOTION JUDGMENT ON PLEADINGS DENIED ON 05/14/2008
         JOSEPH M JABAR , JUSTICE
         COPIES TO PARTIES/COUNSEL


05/19/2008 Party(s):  ROMAN CATHOLIC BISHOP OF PORTLAND
         MOTION - MOTION JUDGMENT ON PLEADINGS DENIED ON 05/14/2008
         JOSEPH M JABAR , JUSTICE
         COPIES TO PARTIES/COUNSEL


05/19/2008 ORDER - COURT ORDER ENTERED ON 05/14/2008
         JOSEPH M JABAR , JUSTICE
         ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
         PARTIES/COUNSEL


05/19/2008 ORDER - COURT ORDER COPY TO REPOSITORIES ON 05/19/2008


05/19/2008 Party(s):  RONALD N MICHAUD
         MOTION - AFFID & REQUEST DEFAULT/JUDG FILED ON 04/19/2008
         Plaintiff's Attorney:  KEITH R VARNER


05/30/2008 Party(s):  STEVEN F BOYDEN
         OTHER FILING - AFFIDAVIT FILED ON 05/29/2008
         AFFIDAVIT OF ATTY. MCKEE WITH REGARD TO PLT'S ACTIVE DUTY MILITARY SERVICE


06/09/2008 Party(s):  RONALD N MICHAUD
         ORDER - DEFAULT ENTERED ON 06/09/2008
         JOSEPH M JABAR , JUSTICE
         CASE TO BE SET FOR HEARING ON DAMAGES RULE 55()(2)                    OPIES TO
         PARTIES/COUNSEL


06/10/2008 Party(s):  ROMAN CATHOLIC BISHOP OF PORTLAND
         MOTION - OTHER MOTION FILED ON 06/05/2008
         Defendant's Attorney: GERALD F PETRUCCELLI
         MOTION TO REPORT TO THE LAW COURT, REQUEST FOR HEARING AND PROPOSED ORDER.


06/10/2008 Party(s):  ROMAN CATHOLIC BISHOP OF PORTLAND
         APPEAL - NOTICE OF APPEAL FILED ON 06/05/2008
         Defendant's Attorney: GERALD F PETRUCCELLI
         ATTESTED COPY OF NOTICE OF APPEAL, DOCKET SHEETS AND RECEIPT OF FILING FEE MAILED TO
         MATTHEW POLLACK, CLERK OF THE LAW COURT.                    COPIES MAILED TO ATTYS.
         OF RECORD. (MAILED 6/18/08)


06/26/2008 Party(s):  STEVEN F BOYDEN
         OTHER FILING - OPPOSING MEMORANDUM FILED ON 06/25/2008
         Plaintiff's Attorney:  KEITH R VARNER

TO DEFENDANTS' MOTION TO REPORT TO THE LAW COURT.

06/26/2008 APPEAL - RECORD ON APPEAL DUE IN LAW COURT ON 06/27/2008
NOTICE FROM LAW COURT. CASE TO BE TRANSMITTED BY JUNE 27, 2008, DOCKET NUMBER ASSIGNED IS
KEN-08-342

07/09/2008 Party(s): ROMAN CATHOLIC BISHOP OF PORTLAND
OTHER FILING - REPLY MEMORANDUM FILED ON 07/01/2008
Defendant's Attorney: GERALD F PETRUCCELLI
DEFENDANT ROMAN CATHOLIC BISHOP'S REPLY IN SUPPORT OF MOTION TO REPORT TO THE LAW COURT.

07/14/2008 HEARING - OTHER MOTION SCHEDULED FOR 08/05/2008 @ 9:00  in Room No.  2
MOTION TO REPORT TO THE LAW COURT.

07/14/2008 HEARING - OTHER MOTION NOTICE SENT ON 07/09/2008
MOTION TO REPORT TO THE LAW COURT.

08/12/2008 HEARING - OTHER MOTION HELD ON 08/05/2008
JOSEPH M JABAR , JUSTICE
Defendant's Attorney: GERALD F PETRUCCELLI
Plaintiff's Attorney:  KEITH R VARNER
MOTION TO REPORT TO THE LAW COURT.

08/12/2008 Party(s): ROMAN CATHOLIC BISHOP OF PORTLAND
MOTION - OTHER MOTION UNDER ADVISEMENT ON 08/05/2008
JOSEPH M JABAR , JUSTICE
MOTION TO REPORT TO THE LAW COURT, REQUEST FOR HEARING AND PROPOSED ORDER.

09/30/2008 Party(s): ROMAN CATHOLIC BISHOP OF PORTLAND
MOTION - OTHER MOTION DENIED ON 09/30/2008
JOSEPH M JABAR , JUSTICE
MOTION TO REPORT TO THE LAW COURT, REQUEST FOR HEARING AND PROPOSED ORDER.

09/30/2008 ORDER - COURT ORDER ENTERED ON 09/30/2008
JOSEPH M JABAR , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

09/30/2008 ORDER - COURT ORDER COPY TO REPOSITORIES ON 09/30/2008


A TRUE COPY
ATTEST: _____
                    Clerk